UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Joan B. Gottschall |
| GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC, | ) ) ) | Case No. 11 C 8567 |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION & ORDER**

The U.S. Commodity Futures Trading Commission ("CFTC") filed a six-count complaint against Grace Elizabeth Reisinger and ROF Consulting, LLC ("ROF"), alleging that Reisinger and ROF operated a commodity pool called NCCN, LLC ("the pool"). While operating the pool, Reisinger and ROF allegedly committed fraud by misrepresenting and omitting material facts in communications with actual and prospective pool participants, and violated the Commodity Exchange Act (the "Act") and CFTC Regulations. Reisinger now moves this court to dismiss this action pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), arguing that the CFTC has failed to plead allegations of fraud with the particularity required by Rule 9(b). The court finds that the complaint alleges fraud with sufficient particularity and denies the motion.

**I. BACKGROUND**

A commodity pool is an "investment trust, syndicate or similar form of enterprise operated for the purpose of trading commodity interests." CFTC Regulation 4.10(d)(1),

17 C.F.R. § 4.10(d)(1) (2005). The Act requires commodity pool operators ("CPOs") to register with the CFTC unless they are exempt from registration under CFTC Regulation 4.13. A CPO claiming an exemption must file a notice of exemption with the National Futures Association ("NFA"). One requirement for an exemption is that each pool participant be a "qualified eligible person" ("QEP"), as defined in CFTC Regulation 4.7(a)(2).

The CFTC alleges that from at least February 28, 2005, to October 26, 2009, Reisinger handled the daily operations of ROF, which in turn controlled the pool. (Compl. ¶¶ 62-65, ECF No. 1.) Reisinger operated the pool from her residence in Nebraska. She solicited pool participants, sending prospective participants solicitation materials, and accepted $4 million in contributions to the pool. (Id. ¶¶ 1-2.)

According to the complaint, the materials sent to participants included the following material misrepresentations: "(1) that only QEPs would be allowed to participate in the NCCN pool; (2) that Reisinger was exempt from the requirement to register as the CPO of the NCCN pool; and (3) that the minimum required deposit in the NCCN pool was $5,000,000." (Id. ¶ 41.)

The statements made to pool participants were allegedly false because, as Reisinger admitted in sworn testimony before the CFTC, she did not know whether all of the participants were QEPs and accepted at least $2 million from participants whose QEP status was unknown. (Id. ¶ 2.) In addition, although the pool began trading on behalf of participants on or about May 18, 2005, Reisinger did not file a notice of exemption with the NFA until June 24, 2005, thus operating during the intervening period without

registration or an exemption. (Id. ¶¶ 3, 54.) Moreover, no pool participant ever invested $5,000,000 or more. (Id. ¶¶ 2, 50.)

The complaint further alleges that Reisinger's communications with pool participants included additional material misrepresentations and omissions. When Reisinger filed a notice of exemption, she represented that she believed each participant in the pool was a QEP. On that basis, the NFA granted Reisinger's exemption from the requirement to register as a CPO. According to the CFTC, Reisinger knew her exemption was obtained under false pretenses but did not amend the notice of exemption, as required by CFTC Regulation 4.13(b)(4). (Id. ¶¶ 4, 55-56.) She failed to advise pool participants that the notice of exemption was invalid and that she had not amended her invalid notice of exemption as required. (Id. ¶ 53.) She also paid a "foreign introducing broker" referral fees that were not disclosed to pool participants. (Id. ¶ 59.) Reisinger issued periodic statements to pool participants that included these misstatements and omissions. (Id. ¶ 58.) Reisinger also failed to provide pool participants with written statements and annual reports in the format required by CFTC Regulations 4.13(a)(5)(i)(A) and (B). (Id. ¶¶ 57, 59.)

Based on this alleged fraud, the CFTC alleged six violations of the Act:[1]

1. Fraud in Connection with On-Exchange Futures Contracts, in violation of § 4b(a)(2)(i) and (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i) and (iii) (2006).

2. Fraud in Connection with On-Exchange Options Transactions, in violation of § 4c(b) of the Act and CFTC Regulations 33.10(a) and (c).

3. Fraud by a CPO, in violation of § 4*o*(1)(B) of the Act.

---

[1] The Act was amended by the CFTC Reauthorization Act of 2008, Pub. L. No. 110-246, Title XIII. The relevant sections were renumbered. Although acts occurring on or after June 18, 2008, are alleged to violate the amended 2008 Act, for the sake of simplicity, this opinion cites only the 2006 version.

4. Acting as a CPO without Registration, in violation of § 4m(1) of the Act.

5. Failing to File an Exemption Notice Prior to Delivering Subscription Agreements and Failure to Amend an Invalid Notice of Exemption, in violation of CFTC Regulations 4.13(b)(2) and (4).

6. Failure to Furnish Account Statements and Annual Reports, in violation of § 4n(4) of the Act.

## I. ANALYSIS

### A. Pleading Standard of Rule 9(b)

In evaluating the sufficiency of a complaint for purposes of a Rule 12(b)(6) motion to dismiss, the court views it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor. *Wilson v. Price*, 624 F.3d 389, 391 (7th Cir. 2010). Under the heightened federal pleading standard of Rule 9(b), however, a plaintiff alleging fraud must state the circumstances constituting fraud with particularity. *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do.") (internal quotation marks omitted).

The Seventh Circuit has "summarized the particularity requirement as calling for the first paragraph of any newspaper story: 'the who, what, when, where, and how.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012). But it has further clarified: "because courts and litigants often erroneously take an overly rigid view of the formulation, we have also observed that the requisite information—what gets included in that first paragraph—may vary on the facts of a given case." *Pirelli Armstrong Tire*

*Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011); *see also Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998) (flexibility in pleading is allowed when information lies outside of plaintiff's control); 2 JAMES WM. MOORE ET AL, MOORE'S FEDERAL PRACTICE § 9.03[1][b], at 9–18 (3d ed. 2010) (although "plaintiffs are not absolutely required to plead the specific date, place, or time of the fraudulent acts," they must "use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud").

### B. Sufficiency of the CFTC's Complaint

In her motion to dismiss, Reisinger contests only the specificity of the pleadings, arguing that the CFTC has failed to satisfy the particularity requirement of Rule 9(b). She makes much of the fact that the agency has failed to specify to whom fraudulent representations were made, and exactly when, where, and how they were made. According to Reisinger, the CFTC must identify the pool participants who were defrauded, and it has not identified "a single specific individual to whom an allegedly fraudulent or misleading statement was made." (Def.'s Reply Br. 2, ECF No. 27.) Nor has it specified where both the alleged "defrauder and defrauded person were when the fraud took place." (Id. at 3.) She further complains that the time period of the fraud is identified as a four-year period, and the CFTC does not allege specific dates on which fraudulent communications were made. (Id. at 4.)

The CFTC responds that it need not identify the persons to whom the statements were made, only the person who made them. It contends that the complaint "sets forth a great amount of detail" about the alleged fraud and "gives Reisinger adequate notice of the claims against her." (Pl.'s Br. Opp. Mot. Dismiss 12, ECF No. 24.)

The court agrees that the CFTC's complaint satisfies the requirements of Rule 9(b). It identifies the alleged defrauder, Reisinger. It details precisely what the fraudulent statements and omissions involved, including "(1) that only QEPs would be allowed to participate in the NCCN pool; (2) that Reisinger was exempt from the requirement to register as the CPO of the NCCN pool; and (3) that the minimum required deposit in the NCCN pool was $5,000,000." (Compl. ¶ 41.) It explains that the fraud was committed in Reisinger's Nebraska home office, and that it was conveyed to pool participants through solicitation materials and periodic statements.

True, as Reisinger argues, the complaint does not name each recipient of the statements, nor does it state the exact date on which each document was transmitted. But to argue that Rule 9(b) requires precisely this is to privilege the form of the pleadings over their substance in an "overly rigid" fashion. *Pirelli*, 631 F.3d at 442. The facts alleged in the complaint involve a scheme spanning four years in which the same type of fraudulent statements, misrepresentations, and omissions were made to various people over time. Rule 9(b) requires precision and substantiation, and the CFTC's allegations are precise and detailed. The complaint is more than sufficient to put Reisinger on notice of what the alleged fraudulent scheme entailed.

Finally, Reisinger argues that all six counts in the complaint are subject to Rule 9(b)'s pleading standard, even though the last three counts are statutory violations. This, she claims, makes all six counts deficient because they are all premised on allegations of fraud. Reisinger is correct that the requirements of Rule 9(b) apply to allegations of fraud, not claims of fraud. *Borsellino*, 477 F.3d at 507 ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate

Rule 9(b)'s heightened pleading requirements."). But this court need not decide whether the heightened standard of Rule 9(b) applies to all six counts of the complaint. Regardless of whether the heightened standard applies to Counts 4-6, the allegations in the complaint meet that standard.

## IV. CONCLUSION

For the foregoing reasons, Reisinger's motion to dismiss the complaint is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 8, 2012