**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11-cv-08567 |
| v. | ) ) | Judge Joan B. Gottschall |
| GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S FIRST MOTION IN LIMINE TO EXCLUDE ARGUMENTS OR EVIDENCE, INCLUDING TESTIMONY, THAT DEFENDANT REISINGER RELIED ON THE ADVICE OF COUNSEL IN CONNECTION WITH THE OPERATION OF THE NCCN POOL AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or the "Commission") hereby moves this Court for an order *in limine* precluding Defendant Grace Elizabeth Reisinger ("Reisinger") from introducing arguments or evidence, including testimony, that she relied on the advice of counsel in operating the NCCN, LLC commodity pool (the "NCCN pool"). Such arguments and evidence should be excluded because Defendant Reisinger did not plead an advice of counsel defense and cannot meet her burden of proof to establish the elements of that defense; and any suggestion that Reisinger relied on the advice of counsel in connection with the operation of the NCCN, including any attempts to file a notice of exemption from the obligation to register as a commodity pool operator ("CPO"), are irrelevant to the strict liability charges and therefore inadmissible under Fed. R. Evid. 402 and would have the tendency to confuse the jury and should therefore be excluded under Fed. R. Evid. 403.

**I.      Relevant Procedural and Statutory Background**

On June 29, 2011, the Commission filed a six count Complaint against Reisinger and her

1

company, ROF Consulting, LLC, seeking injunctive and other equitable relief for violations of

the Commodity Exchange Act ("Act") and Commission Regulations promulgated thereunder.

(ECF No. 1). The Complaint charged Defendants[1] with violating the anti-fraud and commodity

pool operator ("CPO") registration and exemption provisions of the Act and Commission

Regulations. Of the six counts charged, two contain a scienter element. Specifically, Count I,

charging violations of Section 4b(a)(2)(i) and (iii) and 4b(a)(1)(A) and (C) of the Act, and Count

II, charging violations of Section 4c(b) of the Act, assert that Reisinger, acting individually and

on behalf of ROF, knowingly or recklessly made a number of material misrepresentations to

participants and perspective participants in the NCCN pool, including that she was exempt from

the requirement to register as a commodity pool operator ("CPO") and that the minimum amount

required to participate in the pool was $5 million, and by failing to advise participants of fee

payments to third-parties. Count III, charging Reisinger with CPO fraud in violation of Section

4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B) does not contain a scienter element. Count IV, charging

Reisinger with acting as a CPO without registering as a CPO or showing an entitlement to a valid

exemption in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1), Count V, charging

Reisinger with failing to amend an invalid notice of exemption and failing to provide pool

participants with required statements in violation of Regulations 4.13(b)(2) and 4.13(b)(4), 17

C.F.R. § 4.13(b)(2) and 4.13(b)(4), and Count VI, charging Reisinger with failing to furnish

required account statements and annual reports in violation of Section 4n(4) of the Act, 7 U.S.C.

§ 4n(4) and Regulation 4.22, 17 C.F.R. § 4.22, are all strict liability charges. As discussed

below, Reisinger's state of mind, including her purported reliance on counsel, has no bearing on

those charges.

---

[1] This Court entered default against ROF on November 7, 2012. (ECF No. 47). Accordingly, Reisinger will be the sole Defendant at trial.

## II. Defendant Reisinger Did Not Plead Reliance on the Advice of Counsel

Defendant Reisinger answered the Commission's Complaint on June 22, 2012. (ECF No. 40).[2] In her Answer, Reisinger generally denied the Commission's allegations and raised a single additional defense asserting that the Complaint was barred in whole or in part by the applicable statute of limitations. *Id.* Significantly, Reisinger did not plead the affirmative defense that she relied on the advice of counsel in connection with the operation of the NCCN pool, including the filing of her claimed notice of exemption, or otherwise plead an advice of counsel defense. In reliance upon Reisinger's failure to plead such an affirmative defense, the Commission did not conduct any discovery on such a defense, and would be severely prejudiced if Reisinger were allowed to introduce any such evidence or argument at the trial of this matter.

The Federal Rules require that affirmative defenses be set forth in an answer. Fed. R. Civ. P. 8(c) (party responding to a pleading "must affirmatively state any avoidance or affirmative defense."). The purpose behind Rule 8(c) is to give [the] plaintiff adequate notice prior to trial of the defenses that the defendant intends to assert." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991) (affirming summary judgment and declining to reach the merits of defendant's arguments that guaranty at issue terminated due to payment of underlying indebtedness where not affirmatively pled). Because Reisinger failed to plead the affirmative defense of advice of counsel, the Commission was never placed on notice that any such defense would be raised at the trial of this matter, and she should therefore be precluded from raising any such defense at trial. *See id.*

---

[2] This Court entered default against ROF on November 7, 2012. (ECF No. 47). Accordingly, Reisinger will be the sole Defendant at trial.

### III.  Defendant Reisinger Cannot Established the Elements of an Advice of Counsel Defense

Although not pled, is anticipated that Reisinger will nevertheless seek to introduce arguments and testimony at trial that she relied on the advice of counsel in an effort to counter the Commission's assertions, in Counts I and II of the Complaint, that Reisinger knowingly or recklessly made misrepresentations to NCCN pool participants and perspective participants. *See, e.g. Drexel Burnham Lambert Inc. v. CFTC,* 850 F.2d 742, 748 (D.D. Cir. 1998) (scienter under Section 4b is established where defendant acted knowingly or recklessly).

It is anticipated that Reisinger will claim that she relied on the advice of her current counsel, William Nissen, who was acting as an attorney for Reisinger and/or her employer, New World Holdings, a registered introducing broker.  Because Reisinger did not allow discovery into any advice provided by her counsel during the investigative and/or discovery phase,[3] and the Commission is unaware of any advice sought from or provided by Mr. Nissen regarding the NCCN pool, the Commission cannot reasonably anticipate the specific advice Ms. Reisinger may claim to have relied on.  However, before filing this Motion the Commission requested that Defendant enter into a Stipulation precluding testimony regarding the purported reliance on advice of counsel and prepared a draft that included reliance on any purported advice received from Mr. Nissen.  Through counsel, Reisinger refused to enter into any such Stipulation.

It is also anticipated that Reisinger will claim that she relied on the legal advice of Cheryl Fitzpatrick-Smith, general counsel for then-futures commission merchant Cadent Financial

---

[3] For example, when asked during testimony under oath before the Commission about the registration status of David Hobbes, Reisinger stated that her knowledge was based on discussions with attorneys and declined to answer.  Exhibit 1, testimony of Reisinger 2010-01-25, 190:14 - 191:15.  Further, Fitzpatrick-Smith testified under oath that she provided legal advice to Reisinger concerning the mechanics of opening an account at Cadent on behalf of the NCCN pool.  Exhibit 2, testimony of Fitzpatrick-Smith, 2011-01-04, 103: 11-24, 104: 1-6. There is no indication she provided any legal advice concerning the lawfulness of Reisinger's conduct vis-à-vis her fraudulent acts and omissions.

Services, LLC who in 2005, was also the head of the New Accounts Department at Cadent

Financial Services, LLC ("Cadent").   Any such testimony should be precluded as Defendant

Reisinger cannot show that Ms. Fitzpatrick-Smith acted as an attorney for Reisinger (or for

Defaulted Defendant ROF or for the NCCN pool) and provided any advice regarding the charged

fraudulent misrepresentations and omissions.

A Defendant asserting an affirmative defense bears the burden of proof.  *See Int'l Stamp*

*Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (per curiam).  To prevail on

an advice-of-counsel defense, Defendant Reisinger must establish the following elements:  (1)

before taking action, (2) she in good faith sought the advice of an attorney whom she considered

competent, (3) for the purpose of securing advice on the lawfulness of her possible future

conduct, (4) and made a full and accurate report to her attorney of all material facts which the

defendant knew, (5) and acted strictly in accordance with the advice of her attorney who had

been given a full report.  *U.S. v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007) (*citing U.S. v.*

*Cheek*, 3 F.3d 1057, 1061 (7th Cir. 1993)) (affirming refusal to provide jury instruction on

defense where elements not established).   Defendant Reisinger simply cannot meet this burden.

As this Court has recognized, Reisinger opened the NCCN commodity futures trading

account at Cadent on or about May 5, 2005.  *See* 7/18/13 Opinion and Order (ECF No. 67) at pp.

3-8.  During the summary judgment phase of this matter, and after the close of discovery,

Reisinger asserted that she "asked Fitzpatrick to assist [her] in obtaining an exemption for the

NCCN commodity pool", Ms. Fitzpatrick-Smith provided her with unspecified "language to

include in the claim for exemption" and, after Defendant Reisinger prepared her CPO exemption

Ms. Fitzpatrick-Smith told her it "was acceptable to Cadent for opening the account".

November 20, 2013 Declaration of Grace Elizabeth Reisinger (ECF No. 79-3) ¶ 18.  However,

there is no evidence that Reisinger sought advice regarding the lawfulness of her conduct, as opposed to the requirements for opening an account at Cadent. There is also no evidence that Reisinger sought legal advice regarding the representations made to NCCN pool participants, or that she actually received any legal advice related to her misrepresentations and omissions. Further, there is no evidence that Defendant Reisinger fully disclosed all material facts to counsel. Among other things, the Commission has charged Reisinger with misrepresenting that the NCCN pool was open only to "accredited investors" and that the minimum investment was $5,000,000, and with failing to inform pool participants that she paid an undisclosed "foreign introducing broker" referral fee to David J. Hobbes.[4] Defendant Reisinger simply cannot show that Ms. Fitzpatrick-Smith was even aware of these representations.

## IV. Testimony Regarding Communications with An Attorney Will Likely Confuse Jury and Should Be Barred

Defendant Reisinger's purported reliance on the advice of counsel should also be precluded as it has no bearing on the validity of her claimed CPO exemption, and is likely to confuse and mislead the jury. As this Circuit has recognized, "[a]dvice of counsel is not a free-standing defense, though a lawyer's fully informed opinion that certain conduct is lawful (followed by conduct strictly in compliance with that opinion) can negate the mental state required for some crimes, including fraud." *U.S. v. Roti,* 484 F.3d 934, 935 (7th Cir. 2007) (*citing United States v. Sprong*, 287 F.3d 663, 665-66 (7th Cir. 2002)). An advice of counsel defense is available only as against specific intent crimes. *U.S. v. Cross*, 113 F. Supp. 2d 1253,

---

[4] Defendant Reisinger's status as the CEO of NCCN and independent review, if not preparation of, communications with NCCN pool participants also preclude her reliance on any purported advice of counsel. An advice of counsel defense will not stand where, as here, "one would expect [a company's officer] to verify the agreement's most basic details" and be able to recognize statements that are "unquestionably misleading". *SEC v. E-Smart Techs. Inc.*, No. 11-895, 2014 U.S. Dist. LEXIS 163405, at *35 (D.D.C. Nov. 21, 2014) (granting summary judgment in favor of SEC on charged violations of Section 10b-5).

1262-63 (S.D. Ind. 2000) (citing *U.S. v. Powell,* 513 F.2d 1249, 1251 (8th Cir. 1975)) (holding advice of counsel no defense where defendant's specific intent or knowledge was not an essential element of crimes).  The primary charge related to Reisinger's claimed exemption, Count IV asserting that Reisinger acted as a CPO without registration, is a strict liability offense and the advice of counsel defense is therefore unavailable.

## V.      Conclusion

Reisinger has not pled an advice of counsel defense.  The Commission would be severely prejudiced if Reisinger is allowed to introduce advice of counsel evidence or argument at the trial of this matter.  There is also no evidence that Reisinger retained an attorney in connection with the operation of the NCCN pool, or that she made full to disclosure to any attorney – including without limitation Mr. Nissen or Ms. Fitzpatrick-Smith – and reasonably relied on any advice provided by them.  Indeed, during testimony under oath Reisinger declined to provide such testimony on the basis that it was subject to the attorney-client privilege.  Thus, any evidence or arguments that Reisinger relied on the advice of counsel are irrelevant and should be precluded under Fed. R. Evid. 402.  Further, such evidence or arguments would only confuse or mislead the jury and should therefore be excluded under Fed. R. Evid. 403.

WHEREFORE, for the reasons set forth above, the Commission respectfully requests that this Court enter an Order in limine precluding Defendant Reisinger from introducing arguments or evidence, including testimony, at trial that she relied on the advice of counsel in connection with the operation of the NCCN pool.

Date: February 22, 2016

Respectfully Submitted,
U.S. Commodity Futures Trading
Commission

/s/ Timothy J. Mulreany
Timothy J. Mulreany (pro hac vice)
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC 20581
p: (202) 418-5306
f: (202) 418-5523
*tmulreany@cftc.gov*

Elizabeth N. Pendleton
IL ARDC No. 6282050
U.S. Commodity Futures Trading Commission
Division of Enforcement
525 West Monroe Street
Suite 1100
Chicago, IL 60661
p: (312) 596-0700
f: (312) 596-0714
*ependleton@cftc.gov*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

On February 22, 2016, I caused a true and accurate copy of the foregoing: **FIRST MOTION IN LIMINE, ADVICE OF COUNSEL** to be served upon the following persons via CM/ECF:

William J. Nissen, Esq.
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
*wnissen@sidley.com*

/s/Timothy J. Mulreany
Timothy J. Mulreany

8