UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1:11-cv-08567 |
| v. | ) ) Judge Joan B. Gottschall |
| GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S SECOND MOTION IN LIMINE TO EXCLUDE ARGUMENTS OR EVIDENCE, INCLUDING TESTIMONY, THAT REISINGER FILED OR INTENDED TO FILE A NOTICE OF EXEMPTION FOR ROF**

Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or the "Commission") hereby moves this Court for an order *in limine* precluding Defendant Grace Elizabeth Reisinger ("Reisinger") from introducing arguments or evidence, including testimony, that she attempted or intended to file, or did file, a notice of exemption on behalf of her firm, defaulted Defendant ROF Consulting, LLC ("ROF"). Such arguments and evidence should be excluded because: (1) Reisinger cannot meet her burden of proof to show that ROF had a valid exemption from the registration requirements; (2) it would be contrary to federal law; and (3) any suggestion that Reisinger intended to file a notice of exemption on behalf of ROF is irrelevant and therefore inadmissible under Fed. R. Evid. 402 and would have the tendency to confuse the jury and should therefore be excluded under Fed. R. Evid. 403.

I. **Relevant Procedural and Statutory Background**

On June 29, 2011, the Commission filed a six count Complaint against ROF and Reisinger seeking injunctive and other equitable relief for violations of the Commodity Exchange Act and Commission Regulations promulgated thereunder. (ECF No. 1). The Complaint charges Defendants with violating the anti-fraud and commodity pool operator

1

("CPO") registration and exemption provisions of the Act and asserted that Reisinger, acting individually and on behalf of ROF, knowingly or recklessly made a number of material misrepresentations to pool participants and perspective participants, including that she was exempt from the requirement to register as a CPO. *Id*. Reisinger filed an Answer to the Complaint, in which she pled one affirmative defense, that the Complaint was barred in whole or in part by the applicable statute of limitations. (ECF No. 40). ROF failed to plead or otherwise respond, and this Court entered default against ROF on November 7, 2012 (ECF No. 47), and entered partial default judgment against ROF on September 12, 2015 (ECF No. 102). Accordingly, Reisinger will be the sole Defendant at trial.

The Commission charges that prior to October 26, 2009, both Reisinger and ROF acted as unregistered CPOs. Section 1a(5) the Act defines a commodity pool operator as any person (defined to include individuals, firms and other entities) who "solicits, accepts, or receives from others, funds . . . for the purpose of trading in any commodity for futures delivery on or subject to the rules of any contract market". 7 U.S.C. § 1a(5)(2005). Section 4m of the Act prohibits anyone acting as CPO from making use of mails or any means of instrumentality of interstate commerce in connection with its business as a CPO unless registered with the Commission in such capacity. 7 U.S.C. § 6m. Finally, Commission Regulation 4.13(a)(4), 17 C.F.R. § 4.13(a)(4)(2005), outlines the available exemptions from registration as a CPO.

Plaintiff charges that both Reisinger and ROF acted as CPOs and were therefore required to be registered. Reisinger does not dispute that she filed a notice of exemption (the "CPO Exemption Letter") with the National Futures Association. *See* CPO Exemption Letter attached in support of Reisinger's Motion for Summary Judgment, ECF No. 51-3. The CPO Exemption Letter, dated May 5, 2005 and received by National Futures Association on or around June 24,

2005, identifies Reisinger – not ROF – as the operator of the NCCN LLC commodity pool. *Id.* Although ROF is not identified or in any way referenced in the CPO Exemption Letter, it is anticipated that at trial Reisinger will nevertheless seek to introduce arguments and testimony that she attempted or intended to file, or did in fact file, a notice of exemption on behalf of ROF. As discussed below, Reisinger cannot show that ROF filed a notice of exemption. Evidence or arguments regarding ROF's exemption, including any testimony by Reisinger that she intended to file a notice on behalf of ROF, are contrary to federal law, irrelevant and likely to confuse the jury, and should therefore be excluded, as discussed below.

### II.  Defaulted Defendant ROF Neither Sought Nor Received an Exemption from the Requirement to Register as a CPO

Reisinger cannot meet her burden to show that ROF was exempted from the requirement to register as a CPO, or that she intended to file an exemption for ROF. The Supreme Court has recognized that a person seeking exemption bears the burden of proof. *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953). Because of the broadly remedial purposes of securities law, exceptions or exemptions are to be construed narrowly. *SEC v. Cont'l Tobacco Co. of S.C.,* 463 F.2d 137, 155 (11th Cir. 1972). Likewise, the Commodity Exchange Act is a broadly remedial statute, and its exceptions and exemptions should be narrowly construed. *CFTC v. Savage*, 611 F.2d 270, 280 (9th Cir. 1979). The record is devoid of any valid exemption notice filed by or on behalf of ROF, as is necessary for ROF to have been exempt from the Commodity Exchange Act's CPO registration filing requirements. *See* Commission Regulation 4.13(b)(1), 17 C.F.R. § 4.13(b)(1) (2005). In the absence of any such evidence, Reisinger simply cannot show that ROF was exempted from registration and should be prohibited *in limine* from arguing that ROF was an exempt CPO.

### III. Evidence or Arguments That Reisinger Intended to File an Exemption on Behalf of Another is Contrary To Federal Law

Pursuant to Commission Regulation 4.13(b)(1), 17 C.F.R. § 4.13(b)(1) (2005), the person seeking the exemption from registration must file a written notice of exemption and file it with the National Futures Association. The written notice of exemption the person seeking the exemption files must contain very specific information:

> (b)(1) Any person who desires to claim the relief from registration provided by this section must file a notice of exemption from commodity pool operator registration with the National Futures Association (ATTN: Director of Compliance). The notice must:
>
> (i) Provide the name, main business address, main business telephone number, main facsimile number and main email address of the person claiming the exemption and the name of the pool for which it is claiming exemption.

*Id*.

It is undisputed that Reisinger filed a notice of exemption dated May 5, 2005[1] with the National Futures Association, and that the notice contained her name, address, telephone number and the name of the NCCN, LLC pool. *See* CPO Exemption Letter attached in support of Reisinger's Motion for Summary Judgment, ECF No. 51-3. The notice of exemption does not mention ROF. *Id*. Allowing Reisinger to argue that she "intended" to file the exemption on behalf of ROF would be contrary to the undisputed facts, introduce irrelevant testimony and/or argument, and lead to jury confusion. Moreover, it would be contrary to federal law because it would impose upon the Commission the burden of proving a scienter element that does not exist in regard to the failure to register count, which is a strict liability charge. In other words, her intent is completely irrelevant and does not support a viable defense to a strict liability violation.

### IV. Evidence or Arguments Regarding Reisinger's Purported Intentions Are Irrelevant and Likely to Confuse and Mislead the Jury

In a declaration filed in connection with the parties' summary judgment briefing,

---

[1] The notice is dated May 5, 2005, but was not received by the National Futures Association until June 24, 2005.

Reisinger asserts that she "considered ROF, and not myself, to be the CPO of the pool" and "intended" to submit the exemption notice on behalf of ROF. (ECF No. 79-3 ¶ 20). As a preliminary matter, this assertion contradicts Reisinger's Answer to the Complaint in which she disavowed any knowledge of ROF's registration status. Paragraph five (5) of the Commission's Complaint charged that "[a]t no time during the relevant period was ROF registered as a CPO or exempt from the requirements to register as a CPO." In her Answer, Defendant Reisinger asserts that she "lacks knowledge or information sufficient to form a belief about the truth of this paragraph." (ECF No. 40, ¶ 5, at p. 2). Reisinger should be precluded at trial from taking a contrary position to what she pled in her Answer.

Even if one were to credit Reisinger's recent assertion that she intended to file the CPO Exemption Letter on behalf of ROF, it has no bearing on any factual dispute. Reisinger's intentions are legally insufficient. As other courts have recognized in the analogous context of securities law, "once the SEC introduces evidence that a defendant has violated the registration provisions, the defendant then has the burden of proof in showing entitlement to an exemption." *SEC v. Murphy*, 626 F.2d 633, 641 (9th Cir. 1980) (citation omitted); *see also CFTC v. Reed*, 481 F. Supp. 2d 1190, 1197 (D. Colo. 2007) (person seeking exception or exemption from the Act carries the burden of proof). Here, Reisinger could only meet that burden by showing that ROF filed a notice of exemption containing its name, address, phone number and email address as required by Commission Regulation 4.13(b)(1), 17 C.F.R. § 4.13(b)(1) (2005). No such notice exists, and Reisinger's intentions are simply irrelevant.

Under Rule 401, "[e]vidence is relevant and therefore admissible if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Van Allen,* 524

5

F.3d 814, 825 (7th Cir. 2008) (quoting Fed. R. Evid. 401); *see also U.S. v. Price*, 418 F.3d 771, 778 (7th Cir. 2005) (same). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Further, even if evidence is relevant, it may be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403; *see also U.S. v. Ozuna,* 561 F.3d 728, 738 (7th Cir. 2009) (outlining exclusion of relevant evidence under Fed. R. Evid. 403).

The district court has broad discretion in assessing the admissibility of evidence under Rule 403. *U.S. v. Thomas*, 321 F.3d 627, 630 (7th Cir. 2003) ("The balancing of probative value and prejudice is a highly discretionary assessment, and we accord the district court's decision great deference, only disturbing it if no reasonable person could agree with the ruling." ) Even if this Court were to find that Reisinger's purported intent has limited probative value – which it should not – it should nevertheless exclude evidence or arguments relating to non-existent exemption notices as they could easily confuse and mislead the jury. As this Circuit has recognized, even if evidence is marginally relevant to an "innocent mistake" defense theory, it remains subject to Rule 403. *U.S. v. Hosseini*, 679 F.3d 544, 556 (7th Cir. 2012) (affirming exclusion of evidence that defendant filed IRS Form 8300 for some transactions as probative value substantially outweighed by risk of confusing the issues, misleading the jury and created collateral inquiries). Here, any suggestion that Reisinger intended to file the CPO Exemption Letter, or any other notice of exemption, on behalf of ROF could likely confuse the jury and should be excluded. *See id.; see also U.S. v. David,* 772 F.2d 1339, 1343 (7th Cir. 1985) (affirming exclusion of testimony purporting to show that defendant had no control over forging and cashing checks due to compulsive gambling as any probative value substantially outweighed by dancer of misleading the jury); *U.S. v. Simkanin,* 420 F.3d 397, 412 (5th Cir. 2005) (affirming

6

a conviction of tax-relating crimes and upholding the district court's evidentiary ruling that allowed defendant to "only briefly to say what he knew, believed, and understood" regarding the tax laws, and excluded certain documents on which he allegedly relied, on the grounds that such evidence might confuse the jury).

## V. Conclusion

As a matter of law, the only CPO Exemption Letter in the record identifies Reisinger – not ROF – as the operator of the NCCN LLC Pool and seeks an exemption for Reisinger individually. Reisinger has never pled the affirmative defense of mistake, but has pled a lack of knowledge concerning ROF's registration status. Accordingly, Reisinger cannot meet her burden at trial to show that ROF ever held an exemption from registration or that she intended to file an exemption on behalf of ROF. Any evidence or arguments that Reisinger intended to file the exemption on behalf of ROF are irrelevant and should be precluded under Fed. R. Evid. 402. Moreover, allowing Reisinger to present argument or evidence concerning her alleged intentions would create a scienter element that does not exist for a strict liability failure to register charge. Further, such evidence or arguments would only confuse or mislead the jury and should therefore be excluded under Fed. R. Evid. 403.

WHEREFORE, for the reasons set forth above, the Commission respectfully requests that this Court enter an Order in limine precluding Reisinger from introducing arguments or evidence, including testimony, that she attempted or intended to file, or did file, a notice of exemption on behalf of ROF Consulting, LLC.

Date: February 22, 2016					Respectfully submitted,


						 /s/Timothy J. Mulreany
						Timothy J. Mulreany (admitted *pro hac vice*)
						Chief Trial Attorney
						U.S. Commodity Futures Trading Commission
						Division of Enforcement
						1155 21st Street, NW
						Washington, DC 20581
						p: (202) 418-5306
						f: (202) 418-5523
						*tmulreany@cftc.gov*


						Elizabeth N. Pendleton (IL Bar No. 6282050)
						U.S. Commodity Futures Trading Commission
						Division of Enforcement
						525 West Monroe Street
						Suite 1100
						Chicago, IL 60661
						P: (312) 596-0700
						F: (312) 596-0716
						*ependleton@cftc.gov*
						Local Counsel


## CERTIFICATE OF SERVICE

On February 22, 2016, I caused a true and accurate copy of the foregoing: **PLAINTIFF'S SECOND MOTION IN LIMINE** to be served upon the following persons via CM/ECF:

William J. Nissen, Esq.
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois  60603
*wnissen@sidley.com*


						/s/Timothy J. Mulreany
						Timothy J. Mulreany