UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:11-cv-08567 ) |
| v. | ) Judge Joan B. Gottschall ) |
| GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S THIRD MOTION IN LIMINE SEEKING JUDICIAL NOTICE OF ENTRY OF JUDGMENT AGAINST ROF CONSULTING, LLC**

Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or the "Commission") hereby moves this Court for an order *in limine*, taking judicial notice of the entry of default judgment against Defendant ROF Consulting, LLC ("ROF") and the finding that ROF is liable as charged in the Complaint, and in support thereof, states as follows:

**I.      Relevant Procedural and Statutory Background**

On June 29, 2011, the Commission filed a six count Complaint against ROF and Defendant Grace Elizabeth Reisinger ("Reisinger") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act and Commission Regulations promulgated thereunder. (ECF No. 1). The Complaint charges Defendants with violating the anti-fraud and commodity pool operator ("CPO") registration and exemption provisions of the Act and asserted that Reisinger, acting individually and on behalf of ROF, knowingly or recklessly made a number of material misrepresentations to pool participants and perspective participants, including that she was exempt from the requirement to register as a CPO. *Id*. The Complaint seeks to hold Reisinger liable for ROF's violations of federal law as a controlling person of ROF, pursuant to Section 13(b) of the Commodity Exchange Act, 17 C.F.R. § 13c(b) (2005). *Id.*

Reisinger filed an Answer to the Complaint. (ECF No. 40). However, ROF failed to plead or otherwise respond, and this Court entered default against ROF on November 7, 2012 (ECF No. 47), and on September 12, 2015, entered partial default judgment against ROF (ECF No. 102). In entering partial default judgment, the Court found ROF liable as charged in the Complaint, imposed the requested injunctive relief against ROF, and deferred "ruling on the CFTC's request for damages against ROF s so long as Reisinger's liability remains undetermined." *Id.* at p. 5. The Court has set a jury trial as to the Commission's claims against Reisinger for June 13, 2016. Minute entry, ECF No. 104.

Pursuant to Fed. R. Evid. 201(b), the Court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take juridical notice at any stage of a proceeding. *Id.*, 201(d). In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. *Id.*, 201(f).

**II.     Judicial Notice is Appropriate Because ROF's Liability Has Been Established By the Default Judgment Order**

Pursuant to Fed. R. Evid. 201, Plaintiff requests that this Court take judicial notice of the entry of default judgment against ROF and the finding that ROF is liable as charged in the Complaint. Memorandum Opinion and Order, ECF No. 102. Plaintiff seeks judicial notice so that: 1) the Court may instruct the jury of ROF's liability prior to opening statements and again during final jury instructions; 2) the Plaintiff may mention and make appropriate argument about the Court finding ROF liable as charged in the Complaint, during opening statements to the jury and thereafter; and, 3) the finding of ROF's liability via default judgment will serve as the

predicate source of liability for Reisinger's control person liability at trial.[1]

Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). It is well settled that a court may take judicial notice of its own orders in a proceeding. *In re Woodmar Realty, Co.*, 294 F.2d 785, 788 (7th Cir. 1961) ("Counsel first contends that we must pretend that the record facts laboriously compiled in the records and files of the court below in more than twenty years of proceedings do not exist and that we may not on this appeal take judicial notice of such facts. It is elementary that the court below was duty bound to take judicial notice of its records and files in this cause…"); *In re Daniel,* 277 B.R. 675, 684 (1998) (Court in deciding motions for summary judgment can take judicial notice of the records and files of its own court; *citing United States v. Philadelphia,* 140 F.2d 406, 408 (3rd Cir.1944); *Fletcher v. Norfolk Newspapers, Inc.,* 239 F.2d 169 (4th Cir.1956); *Latta v. Western Inv. Co.,* 173 F.2d 99, 103 (9th Cir.1949), *cert. den.*, 337 U.S. 940, 69 S.Ct. 1516, 93 L.Ed. 1744. "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106, at 505 (1st ed. 1977 & Supp.1997). Judicial records and orders are an appropriate subject for judicial notice because it is a source "whose accuracy cannot reasonably be questioned." Fed.R.Evid.

---

[1] During discussions with defense counsel concerning proposed jury instructions, it came to the attention of counsel for the Plaintiff that Reisinger's proposed jury instruction on controlling person liability would require the Plaintiff to "prove" ROF's liability at trial. *See* Schedule "H" to Pretrial Order, Reisinger's objections to Plaintiff's proposed standard "defaulted defendant," Plaintiff's jury instruction number six (6). The defendant's position is that the Plaintiff must re-litigate ROF's predicate liability at trial, and that the Court's prior entry of default judgment against ROF is essentially without meaning. The entry of default judgment against ROF establishes its predicate liability for controlling person purposes. The Plaintiff acknowledges that ROF's previously determined predicate liability is not dispositive of the issue of Reisinger's control person liability, and it will still be necessary to prove at trial that Reisinger acted as a controlling person of ROF.

201(b); *see also Opoka v. INS*, 94 F.3d 392, 394 (7th Cir.1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir.1995) (allowing judicial notice of facts recited in a plea agreement); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (confirming that court documents *1082 from state proceeding are noticeable); *Philips Med. Sys. Int'l v. Bruetman*, 982 F.2d 211, 215 (7th Cir.1992) (approving judicial notice of a related default judgment); *see also Locicero v. Leslie*, 948 F.Supp. 10, 12 (D.Mass.1996) (taking judicial notice of settlement hearing transcript); *Citizens for a Better Env't–Cal. v. Union Oil Co.,* 861 F.Supp. 889, 896 (N.D.Cal.1994) (taking judicial notice of related consent decree), *aff'd*, 83 F.3d 1111 (9th Cir.1996). Therefore, this Court may take judicial notice of the entry of its default judgment order against ROF in this proceeding. Order, ECF No. 102.

This Court's September 2, 2015 Order establishing ROF's liability to the Plaintiff as charged in Counts Three, Four and Six of the Complaint is a judicially established fact that this Court can take notice of, and ROF's liability does not need to be proven again at the jury trial set to begin June 13, 2016. Moreover, it is well settled that the Court's entry of default judgment against ROF properly serves as the predicate source of liability for Reisinger's control person liability, obviating the need to litigate ROF's liability again at trial. *See generally, CFTC v. Arrington*, 998 F. Supp. 2d 847, 873 (D. Neb. 2014) ("Kratville is liable as a controlling person under 7 U.S.C. § 13c(b) with respect to EMHC's and MJM's violations. EMHC's and MJM's default judgment, entered contemporaneously with this Order, serves as the predicate source of liability for Kratville's control person liability.").

### III. Conclusion

This Court may properly take notice of prior proceedings and orders of this Court. The

prior order of this Court presented by Plaintiff for judicial notice has "a direct relation to matters at issue," *Green*, 699 F.2d at 369, and will prevent the parties from having to re-litigate matters already decided by this Court. Accordingly, the Plaintiff moves this Court to issue an order granting Plaintiffs' Third Motion in Limine for Judicial Notice of Court Docket and Pleadings (ECF No. 102) pursuant to Fed. R. Evid. 201.

WHEREFORE, for the reasons set forth above, the Commission respectfully requests that this Court enter an Order in limine taking notice of this Court's September 2, 2016 Order finding ROF liable as to Counts Three Four and Six of the Complaint, instructing the jury that the Court has already found ROF liable, and finding that ROF's predicate liability has already been established for purposes of Reisinger's controlling person liability.

Date: February 22, 2016     Respectfully submitted,

/s/Timothy J. Mulreany
Timothy J. Mulreany (admitted *pro hac vice*)
Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
p: (202) 418-5306
f: (202) 418-5523
*tmulreany@cftc.gov*

Elizabeth N. Pendleton (IL Bar No. 6282050)
U.S. Commodity Futures Trading Commission
Division of Enforcement
525 West Monroe Street
Suite 1100
Chicago, IL 60661
P: (312) 596-0700
F: (312) 596-0716
*ependleton@cftc.gov*
Local Counsel

## CERTIFICATE OF SERVICE

On February 22, 2016, I caused a true and accurate copy of the foregoing: **PLAINTIFF'S THIRD MOTION IN LIMINE** to be served upon the following persons via CM/ECF:

William J. Nissen, Esq.
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
*wnissen@sidley.com*

/s/Timothy J. Mulreany
Timothy J. Mulreany