IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 8567 ) |
| Grace Elizabeth Reisinger and ROF Consulting, LLC, | ) Judge Joan B. Gottschall ) ) ) |
| Defendants. | ) ) |

## DEFENDANT REISINGER'S MOTION FOR JUDGMENT AS A MATTER OF LAW – AT THE CLOSE OF PLAINTIFF'S CASE

Pursuant to Rule 50(a), Fed. R. Civ. P., defendant Reisinger hereby moves for judgment as a matter of law on the issues identified below on the ground that a reasonable jury would not have a legally sufficient evidentiary basis to find for the plaintiff on these issues.

1. Each of Counts 1 through 3 requires plaintiff to prove that defendant made a material misrepresentation or omission. A reasonable jury would not have a legally sufficient evidentiary basis to find that defendant Reisinger made any material misrepresentations or omissions to any participant in the NCCN commodity pool and therefore judgment should be entered as a matter of law in favor of defendant and against plaintiff on Counts 1 – 3.

2. Each of Counts 3 through 6 requires plaintiff to prove that defendant was commodity pool operator of the NCCN commodity pool. A reasonable jury would not have a legally sufficient evidentiary basis to find that defendant Reisinger was commodity pool operator for the NCCN commodity pool and therefore judgment should be entered as a matter of law in favor of defendant and against plaintiff on Counts 3 – 6.

a. Under 7 U.S.C. §1a(5) (2000 Ed. and Supplement IV (1/3/2005)), a commodity pool operator means:

> **7 USC 1a(5) Commodity pool operator**
>
> The term "commodity pool operator" means any person engaged in a business that is of the nature of an investment trust, syndicate, or similar form of enterprise, and who, in connection therewith, solicits, accepts, or receives from others, funds, securities, or property, either directly or through capital contributions, the sale of stock or other forms of securities, or otherwise, for the purpose of trading in any commodity for future delivery on or subject to the rules of any contract market or derivatives transaction execution facility, except that the term does not include such persons not within the intent of the definition of the term as the Commission may specify by rule, regulation, or order.
>
> 2000 Ed. and Supplement IV (1/3/2005)

b. The undisputed evidence is that funds for commodity trading were received from investors by ROF Consulting, LLC ("ROF") and not by Reisinger personally.

c. The undisputed evidence is that funds resulting from commodity trading were disbursed to investors by ROF, and not by Reisinger personally.

d. Plaintiff CFTC has alleged and obtained a default judgment against ROF on the ground that it was a commodity pool operator for the NCCN commodity pool.

e. The undisputed evidence is that Reisinger's activities on behalf of the NCCN pool were either as agent for ROF or NCCN, LLC and not in her personal capacity.

3. A reasonable jury would not have a legally sufficient basis to find that defendant Reisinger was controlling person of ROF, LLC and therefore judgment should be entered in favor of defendant against plaintiff as a matter of law on plaintiff's claim that defendant is liable for violations of ROF as controlling person.

a. The undisputed evidence is that ROF had four member-managers, and Reisinger was only one of these four persons.

b. The undisputed evidence is that Alan Matthews had control over ROF's bank accounts, which precluded Reisinger from being the controlling person in relation to the receipt and disbursement of pool participant funds, which is central to the definition of a commodity pool operator. *See* 7 U.S.C. § 1a(5) (2000 Ed. and Supplement IV (1/3/2005)).

c. There is no evidence that Reisinger solicited funds, securities, or property from prospective participants in the NCCN commodity pool.

Date: September 9, 2016

s/ William J. Nissen
William Nissen
Angelo J. Suozzi
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
p: (312) 853-7742
f: (312) 853-7036
wnissen@sidley.com
asuozzi@sidley.com

Attorneys For Defendant
Grace Elizabeth Reisinger

# **CERTIFICATE OF SERVICE**

I, William J. Nissen, an attorney, hereby certify that I have served copies of the foregoing **Defendant Reisinger's Motion for Judgment As a Matter of Law** upon the following individuals by the Court's ECF system on the 9th day of September, 2016.

>Timothy J. Mulreany
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>Three Lafayette Center
>1155 21st Street, N.W.
>Washington, D.C. 20581
>tmulreany@cftc.gov
>
>Elizabeth N. Pendleton
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>525 West Monroe Street
>Suite 1100
>Chicago, IL 60661
>ependleton@cftc.gov

>s/ William J. Nissen
>William J. Nissen