# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11 C 8567 ) |
| Grace Elizabeth Reisinger and ROF Consulting, LLC, | ) Judge Joan B. Gottschall ) ) ) |
| Defendants. | ) ) |

## DEFENDANT REISINGER'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY FOR NEW TRIAL

Pursuant to Rules 50 and 59, Fed. R. Civ. P., Defendant Reisinger hereby renews her motion for judgment as a matter of law at the close of the evidence, and moves in the alternative for a new trial as follows:

1. Judgment should be entered in favor of defendant against plaintiff as a matter of law on Counts 3 through 6 because a reasonable jury would not have a legally sufficient evidentiary basis to find that defendant Reisinger satisfied the legal definition of commodity pool operator ("CPO") for the NCCN commodity pool.

2. Judgment should be entered in favor of defendant and against plaintiff as a matter of law on Counts 1 through 3 because a reasonable jury would not have a legally sufficient evidentiary basis to find that defendant Reisinger made any material misrepresentations or omissions to any participant in the NCCN commodity pool.

3. Judgment should be entered as a matter of law in favor of defendant and against plaintiff on plaintiff's claim that defendant is liable on Counts 1 through 6 for violations of ROF

Consulting, LLC ("ROF") as a controlling person, because a reasonable jury would not have a legally sufficient evidentiary basis to find that Reisinger was a controlling person of ROF.

    4.    Alternatively, a new trial should be granted for the following reasons:

        a.    Defendant Reisinger did not receive a fair trial because the Court erred in permitting evidence of the disposition of remaining pool funds by Reisinger after the time period covered by the complaint in this action. This evidence was not relevant to the issues raised by the complaint and was highly prejudicial to Reisinger.

        b.    Defendant Reisinger did not receive a fair trial because the Court erred in not requiring plaintiff to prove violations by ROF as a predicate for controlling person liability.

        c.    The verdict was against the manifest weight of the evidence.

WHEREFORE, defendant Reisinger prays for an order entering judgment in favor of defendant as a matter of law, or alternatively an order granting a new trial, and such other and further relief as may be just and proper.

Date: October 11, 2016

                                  s/ William J. Nissen
                                  William Nissen
                                  Angelo J. Suozzi
                                  Sidley Austin LLP
                                  One South Dearborn Street
                                  Chicago, IL 60603
                                  p: (312) 853-7742
                                  f: (312) 853-7036
                                  wnissen@sidley.com
                                  asuozzi@sidley.com

                                  Attorneys For Defendant
                                  Grace Elizabeth Reisinger

# CERTIFICATE OF SERVICE

I, William J. Nissen, an attorney, hereby certify that I have served copies of the foregoing **Defendant Reisinger's Renewed Motion for Judgment As a Matter of Law Or Alternatively for New Trial** upon the following individuals by the Court's ECF system on the 11th day of October, 2016.

>Timothy J. Mulreany
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>Three Lafayette Center
>1155 21st Street, N.W.
>Washington, D.C. 20581
>tmulreany@cftc.gov
>
>Elizabeth N. Pendleton
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>525 West Monroe Street
>Suite 1100
>Chicago, IL 60661
>ependleton@cftc.gov

>s/ William J. Nissen
>William J. Nissen