**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:11-cv-08567** |
| **v.** | ) | **Judge Joan B. Gottschall** |
| **GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S RESPONSE MEMORANDUM TO DEFENDANT'S CITATION OF SUPPLEMENTAL AUTHORITY**

Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff" or "Commission") files this response to Defendant Grace Elizabeth Reisinger's ("Reisinger") supplemental authority (ECF No. 225), and in support thereof states as follows.

Reisinger continues her attempts to evade responsibility for her fraudulent scheme by citing to *Commodity Futures Trading Commission v. Wang*, No. 16-cv-6961 (JGK), 2017 WL 3425756 (S.D.N.Y. Aug. 8, 2017), a memorandum opinion and order issued by the U.S. District Court for the Southern District of New York that is so divergent from the facts of the instant case that it merely underscores the need for the maximum penalties to be levied upon Reisinger.

In *Wang*, a young defendant was employed as an assistant trader at a financial services firm, responsible for managing two of the firm's proprietary trading accounts. *Id*. at *1. The defendant made certain trades that resulted in substantial losses, and rather than facing the losses, over the following one month period Wang compounded the problem by trying to hide the losses and making various false entries. *Id*. at *2. When Wang's supervisor confronted him with the losses, Wang immediately explained his actions and accepted responsibility for what he had done. *Id*. Unlike Reisinger, who is faced with only civil liability for her fraudulent scheme,

Wang was subsequently criminally prosecuted and found guilty, served a three month term of imprisonment, and is currently on supervised release. *Id.* at *3. Further, Wang was ordered to pay full restitution as part of the criminal matter, and had already begun paying said restitution at the time of the civil prosecution. *Id.* at *3. As a result of the limited scope of Wang's violations, his immediate acceptance of responsibility, and all of the other mitigating factors, U.S. District Judge Koeltl imposed a civil monetary penalty of $167,728 upon Wang. *Id.* at *5.

The Commission's position is further supported by the recent case of *Commodity Futures Trading Commission v. Creagh*, No. 15-cv-6140 (JPO), 2017 WL 1929624 (S.D.N.Y. May 10, 2017). In *Creagh*, the Court imposed a civil monetary penalty of $125,000 and ordered permanent registration and trading bans against all defendants for making false statements to the National Futures Association ("NFA"). *Id.* at *2-3. In determining the civil monetary penalty, the Court considered that Creagh "returned all invested money to his two investors," "had no intention of misleading or deceiving," "cooperated fully with the CFTC investigation," and "acknowledged his violation of the various rules and regulations involved and . . . attempted to resolve this matter in good faith." *Id.* at *2 (internal citations and quotations omitted). The Court also ordered a permanent injunction, including a lifetime personal trading ban against Creagh, given his "repeated false statements to the NFA" and "erroneous understanding about his legal obligations." *Id.* ("Courts need not enjoin only identical future violations; they may extend to restrictions on trading activity generally, if a court finds that defendants are not likely to 'make good faith efforts to comply with restrictions,' more broadly in the future.").

In contrast to the facts in *Wang* and *Creagh*, Reisinger created and controlled a years-long fraudulent scheme that defrauded multiple pool participants, including a Tongan church – for which she has never accepted responsibility. Indeed, Reisinger has repeatedly blamed others

for her fraudulent conduct. As the evidence at trial established, Reisinger has never paid back a single dollar of the funds she obtained from her fraudulent scheme; instead, she has used the Tongan church's funds to pay her legal bills and fund her personal lifestyle. Creagh demonstrates that dishonesty must be sanctioned severely, with injunctions and a civil monetary penalty. If *Wang* has any application to these proceedings, it is to shine a light upon the unrepentant conduct of Reisinger, and the need to impose all of the relief requested by the Commission against her: full restitution totaling $1,953,747, a civil monetary penalty of $3.2 million, and permanent trading and registration bans.

Filed: September 5, 2017

Respectfully submitted,

U.S. Commodity Futures Trading Commission

/s/Timothy J. Mulreany

Timothy J. Mulreany (admitted *pro hac vice*)
Danielle Karst (admitted *pro hac vice*)
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, NW
Washington, DC 20581
p: (202) 418-5306
f: (202) 418-5523
*tmulreany@cftc.gov*
*dkarst@cftc.gov*

Elizabeth N. Pendleton (IL Bar No. 6282050)
U.S. Commodity Futures Trading Commission
Division of Enforcement
525 West Monroe Street, Ste. 1100
Chicago, IL 60661
P: (312) 596-0700
F: (312) 596-0716
*ependleton@cftc.gov*

## CERTIFICATE OF SERVICE

On September 5, 2017, I caused a true and accurate copy of the foregoing Response to be served upon the following persons via CM/ECF:

William J. Nissen, Esq.
Angelo J. Suozzi, Esq.
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
*wnissen@sidley.com*

Michael D. Carper
Carper Law Offices
P.O. Box 924
Kearney, NE 68848-0924
*mike@mdcarperlaw.com*

/s/Timothy J. Mulreany
Timothy J. Mulreany