IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC,<br><br>                Defendants. | No. 11 C 8567<br><br>Judge Joan B. Gottschall |

## DEFENDANT REISINGER'S REPLY IN SUPPORT OF MOTION TO RECONSIDER AND AMEND ORDER AND UNDERLYING FINDINGS

      This case centers on the plaintiff CFTC's claim that a commodity pool operator exemption form, which defendant Reisinger reviewed with an experienced commodity lawyer before filing, was inadequate to satisfy the requirements of the exemption.[1] Rather than seek relief on a basis proportional to the nature of the claim, plaintiff has consistently overreached by attempting to harm Reisinger's reputation with unfounded claims of fraud, and by seeking to impose the maximum punishment on Reisinger without regard to proportionality or fairness.

      Plaintiff's response to Reisinger's current motion to reconsider continues this pattern of overreaching. Unable to support the manifestly erroneous findings that are the basis for Reisinger's motion, plaintiff nevertheless continues to ask the Court for disgorgement of payments that were not shown to come from the commodity pool at issue in this case, for a second penalty that is duplicative and wholly out of proportion to the conduct that is the subject

---

[1] Testimony concerning this review is at Doc. 247-1, Ex. A, Tr., pp. 830, 834-840. *See also* Def. Ex. 2, 3, pp. 79, 87, 91.

of the case, for findings of fraud that are not supported by the evidence, and for prejudgment interest that was not requested in plaintiff's motion for relief.

The Court should reject the CFTC's attempt to overreach, should strike the erroneous findings, and should grant the relief requested by Reisinger in her motion.

### I. Reisinger's Motion Meets the Applicable Legal Standard

Plaintiff acknowledges that the applicable legal standard for Reisinger's motion is that it must be based on manifest errors of fact or law. Doc. 253, p. 3. Reisinger has met that standard by specifying in detail six erroneous findings and has shown, by citations to the record, that they are manifestly erroneous. Doc. 247, pp. 2-7. Plaintiff has been unable to rebut these showings of manifest error, but rather has made various arguments that they should not matter, and that the result should be the same regardless of these errors.

The Court should strike the erroneous findings and should reject plaintiff's arguments that these errors do not matter. They do matter, and the Court should amend the Memorandum Opinion and Order (Doc. 230) ("Order") accordingly.

### II. The Plaintiff Has Failed to Rebut Reisinger's Showings that the Court's Order Should be Reconsidered and Amended

#### A. The Plaintiff Has Failed to Rebut Reisinger's Showing that the Disgorgement Requirement Should be Vacated

In the Order, the Court stated that the standard for disgorgement is that plaintiff is required to produce evidence reasonably approximating defendant's profits causally connected to the violation. Doc. 230, p. 15. The Court, however, relied on three manifestly erroneous findings in concluding that the plaintiff met this standard. Erroneous Finding No. 1 was that CFTC investigator Malas traced the payments of $153,355.04 on Pl. Ex. 120 to the NCCN pool. Doc. 230, p. 14. Erroneous Finding No. 2 was the incorrect determination that there was no support for Reisinger's assertion that that the payments on Pl. Ex. 120 related to bond trading.

2

Doc. 230, p. 15. Erroneous Finding No. 3 was that the $153,355.04 was sent to Caffray, who in turn returned the funds to Reisinger in a "boomerang" transaction. Doc. 230, p. 16

As shown in Reisinger's memorandum in support of her motion, the undisputed evidence in the record refutes these findings. Refuting Erroneous Finding No. 1 was testimony by CFTC investigator Malas, who admitted that he did not trace the funds to any of the accounts maintained by the commodity pool. Doc. 247, pp. 2-3. Refuting Erroneous Finding No. 2 was undisputed testimony by Reisinger that none of the payments on Pl. Ex. 120 were round turn commodity commissions and that two examples of these payments were from bond trading. Doc. 247, pp. 3-4. Refuting Erroneous Finding No. 3 is the absence of any evidence that the $153,355.04 was sent to Caffray by Reisinger, or to Reisinger by Caffray. Doc. 247, p. 4.

Plaintiff has failed to rebut Reisinger's showing that Erroneous Finding No. 1 was manifest error. The only argument that plaintiff makes to support this finding is that two accounts of the six that were sources of the payments on Pl. Ex. 120 included pool participant funds, *i.e.*, Morgan Keegan Account 0301 and NCCN PNC Account 7742. Doc. 253, pp. 7-8. The payments made from these two accounts, however, comprised only $26,946.88 of the $153,355.04 shown on Pl. Ex. 120.[2] Thus, plaintiff has identified no basis for finding that any funds from the other accounts that were sources of the payments on Pl. Ex. 120 came from pool participants.

Moreover, showing that the payments came from the two accounts identified by plaintiff does not show that the funds paid to Reisinger from these two accounts were from the commodity pool. The testimony cited by plaintiff regarding Morgan Keegan Acct 0301 was that

---

[2] Pl. Ex. 120 shows a payment of $16,816.88 from NCCN MOKE Acct 0301 and two payments of $5,065.00 each from NCCN PNC Acct 7742.

3

funds from this account went into the commodity pool, not that any of these funds came out of the pool. Doc. 253, p. 7, Pl. Ex. 117. Thus, plaintiff has failed to show that the $16,816.88 paid from this account came from the pool. While plaintiff has shown evidence that there were funds deposited into PNC Acct 7742 from the pool in March 2006 (Doc. 253, p. 8), there was no testimony by Malas or other evidence to trace these deposited funds to the two payments of $5,065 from PNC Acct 7742 in August 2006. Pl. Ex. 120. Therefore, the possibility that the two $5,065 payments came from the pool is wholly speculative. Furthermore, plaintiff's counsel admitted that ROF, which was the entity making the payments according to Pl. Ex. 120, was involved in a number of different investments that had nothing to do with the commodity pool, and Reisinger testified to this as well. Doc. 206, Tr., pp. 604, 647. Based on plaintiff's failure to show that the $153,355.04 came from the commodity pool, those funds cannot properly be the subject of disgorgement.

Plaintiff also fails to rebut Reisinger's showing manifest error as to Erroneous Finding No. 2, namely, the incorrect determination that there is no support in the record that the payments in Pl. Ex. 120 related to bond trading. Reisinger testified that none of the payments on Pl. Ex. 120 were round turn commodity commissions, and testified that two specific payments came from bond transactions. Doc. 247-1, Ex. A, Tr., pp. 902-04. Plaintiff points to no testimony or other evidence that rebuts or refutes Reisinger's testimony in this regard, but instead makes two arguments, both of which should be rejected. First, plaintiff asserts that "Reisinger failed to develop the record on these purported bond purchases at trial…." Doc. 253, p. 9. There is no basis for this assertion because Reisinger clearly, and without dispute, developed the record by testifying that none of the payments were round turn commodity commissions, and that two of the payments resulted from bond purchases. Doc. 247-1, Ex. A,

4

Tr., pp. 902-04.  Second, plaintiff makes the circular and question-begging argument that Erroneous Finding No. 2 should be upheld because the Court made the finding.  Doc. 253, p. 9.  The Court should strike Erroneous Finding No. 2 as manifest error.

Plaintiff does not even try to support Erroneous Finding No. 3, namely that the $153,355.04 shown on Pl. Ex. 120 was sent to Caffray by Reisinger, and returned by Caffray to Reisinger.  Instead, plaintiff characterizes this finding as "an inadvertent, mistaken factual recitation," and argues that it should be corrected as a clerical mistake.  Doc. 253, pp. 9-10.  But it is evident from the Order that this finding was more than a clerical error, as the Court relied on it as part of the grounds for finding that the $153,355.04 was connected to the commodity pool.  Doc. 230, p. 16.  Thus the Court's mistaken assumption that these were the funds were sent to Caffray, and in turn returned by him, was considered by the Court to be evidence of a connection to the commodity pool.  *Id.*  In any event, plaintiff concedes that this was an error.  The Court should vacate Erroneous Finding No. 3 as manifest error.

The issues of disgorgement and amount of disgorgement were not submitted to the jury.  The Court is therefore free to weigh the evidence and make its own findings on these issues.  *See Ohio-Sealy v. Sealy, Inc., supra*, 585 F.2d 821, 844 (7th Cir. 1978).  Once Erroneous Findings Nos. 1, 2 and 3 are vacated, there will be no factual basis for the requirement in the Order that Reisinger disgorge $153,355.04.  Moreover, plaintiff has failed to show that these funds came from the commodity pool.  The Court should find that there was no causal connection shown between the $153,355.04 and any violation by Reisinger, and should therefore vacate the disgorgement order.

### B. The Plaintiff has Failed to Rebut Reisinger's Showing that the Civil Monetary Penalty Should be Reduced to $25,000 Based on Manifest Errors

Reisinger contends that the civil monetary penalty of $64,124, based on 10% of what the Court found to be Reisinger's financial gain from the commodity pool, should be reduced to $25,000 based on the following manifest errors: Erroneous Finding No. 6, which was that the financial gain to Reisinger was $641,240, and Erroneous Finding No. 5, which was that Reisinger had previously paid a fine to the CFTC in *CFTC v. New World Holdings, LLC*, No. 10-CV-4557 (N.D. Ill.) Doc. 247, pp. 9-10.

The $641,240 figure for Reisinger's gain is manifest error because it includes the amount of $153,355.04, which Reisinger has shown were not funds from the commodity pool. Without this amount, the actual financial gain should be $497,893.88, 10% of which is $49,789. Doc. 247, pp. 6-7. Plaintiff does not contest the logic of such a reduction in the penalty if the financial gain were reduced, but rather argues that the $153,355.04 should not be excluded from the financial gain on the ground that the disgorgement order was proper. Doc. 253, pp. 11-12. For the reasons discussed above, the disgorgement order was not proper and should be vacated, with the result that for purposes of the civil penalty, the financial gain should be $497,893.88.

The Court should reduce the penalty from $49,789 to $25,000 after vacating Erroneous Finding No. 5, which was the Court's assumption that Reisinger previously paid a fine in a settlement of another CFTC violation. Doc. 247, p. 6. The Court has already found this finding was erroneous. Doc. 245, p. 5. Inexplicably, plaintiff ignores and declines to address this argument by incorrectly stating that "Reisinger presents no additional argument or support for such a low CMP [civil monetary penalty]." Doc. 253, p. 12. Reisinger did present this additional argument, which flows logically from vacating the manifest error that Reisinger paid a fine for a previous violation. The Court should consider that, contrary to the Court's previous

assumption, Reisinger did not pay a fine for another violation, and should reduce the penalty accordingly, to $25,000.

### C. The Court Should Enter Judgment Dismissing the Fraud Claims

In the Order, the court denied Reisinger's motion for judgment as a matter of law on the fraud claims, but relied on manifestly erroneous findings in doing so. These manifestly erroneous findings were Erroneous Finding No. 4, where the Court stated that the jury found fraud based on allegations that Reisinger misrepresented to pool participants that a $5 million minimum was required to participate and that she never disclosed fee payments to a foreign introducing broker, and Erroneous Finding No. 5, where the Court incorrectly assumed that Reisinger had previously paid a fine for another CFTC violation. Doc. 247, pp. 4-6. In its September 2018 Order, the Court stated that this latter finding had "undergirded" the Court's analysis of the sufficiency of the evidence to support the fraud claims. Doc. 245, p. 5. The Court should vacate these erroneous findings as manifest errors, should reconsider its decision on the sufficiency of the evidence the support the fraud claims, and should grant judgment as a matter of law to Reisinger on those claims.

The CFTC fails to rebut that the specific findings made by the Court in support of upholding the fraud claims were manifestly erroneous. Plaintiff does not even try to support the erroneous finding that the jury verdict was based on allegations that Reisinger failed to disclose fee payments to a foreign introducing broker. Doc. 253, pp. 12-16. With respect to the allegation that Reisinger misrepresented to pool participants that a $5 million minimum was required to participate, plaintiff has pointed to one page in Defendant's Exhibit 84, which was a notice addressed to Donald Caffray in February 2005 for an investment in NCCN that stated that there was a $5 million minimum. Doc. 253, p. 14, citing Def. Ex. 84, p. 6. That page, however,

7

was not the subject of any testimony at trial, was not mentioned in closing argument as a basis for the jury to find fraud, and was addressed to only one person, *i.e.*, Donald Caffray. Doc. 207, Tr., pp. 993-1023, Def. Ex. 84, p. 6. In addition, this page was dated in February 2005, which was two months before April 2005, when the formation of the commodity pool was first discussed. Def. Ex. 84, p. 6, Tr., pp. 819-24. There was no evidence that this page went to any of the pool participants other than Caffray, and there was affirmative and undisputed evidence that Caffray was separately solicited to invest in the commodity pool, for the much smaller amount of $403,000, which he then invested. Doc. 247-1, Ex. A, Tr., pp. 854-55. The Court's findings that supported the fraud claims were therefore manifestly erroneous, and Erroneous Finding No. 4 should be vacated.

Plaintiff's response argues that apart from Erroneous Finding No. 4, there was nevertheless sufficient evidence to support the fraud verdict. None of these arguments has merit:

1. Plaintiff argues that "Reisinger admitted in her testimony that she never told pool participants that that she had accepted their funds without qualifying them as qualified eligible participants ('QEPs')…." Doc. 253, p. 14. Plaintiff's citation to the transcript to support this purported basis for the fraud claim relates to State Management Ltd., Mike or Sue Cassidy, and the Tongan Church. Doc. 206, Tr., pp. 706, 708. This is a red herring. All of these persons were located outside the United States. Doc. 207, Tr., p. 1000. Therefore, they were qualified to invest in the pool as a matter of law without the need to satisfy any financial requirements. *See* CFTC Reg. 4.7(a)(2)(xi), (xii), 17 CFR 4.7(a)(2)(xi), (xii). The law requiring financial requirements for investors is, as a matter of policy, limited to persons located in the United States, and foreign persons who choose to invest in the United States are not

8

within the scope of these requirements. These persons were qualified as a matter of law, whether or not Reisinger made a specific determination that they were qualified. Therefore, plaintiff's claim that Reisinger should have disclosed to investors that she did not make a determination that certain persons were qualified to invest, when they were qualified as a matter of law, makes no sense and cannot reasonably be the basis for a fraud finding.

2. Plaintiff argues that "Reisinger never told participants that she was operating the pool without a valid CPO exemption." Doc. 253, p. 14. In support, Plaintiff cites testimony from Reisinger that she did not tell pool participants that she was operating without a valid exemption because in her view it was not invalid. Doc. 253, p. 14, citing Doc. 206, Tr., p. 708. This cannot reasonably be the basis for a finding of fraud. If the exemption was invalid, that was a legal conclusion and was a regulatory violation. It was not fraud for Reisinger to fail to tell others a legal conclusion that she herself did not believe was true.

3. Plaintiff cites evidence in the transcript that Reisinger "represented that the pool would be operated in accordance with governing regulations." Doc. 253, p. 14, citing Doc. 206, Tr., pp. 675-76. The evidence cited was the exemption form that was signed by Reisinger and filed as a basis for the exemption. *Id.*; Pl. Ex. 3. This document, however, was talking about the future, and plaintiff cites no evidence that Reisinger believed or intended, at the time she signed it, that the pool would not be operated in accordance with governing regulations. A statement regarding the future is not fraudulent in the absence of proof that the speaker intended to act contrary to the statement. *See, e.g., Wigod v. Wells Fargo Bank*, 673 F.3d 547, 570 (7th Cir.

9

2012) (to establish fraud on a false statement regarding future conduct, a plaintiff must prove that at the time a promise was made, the defendant did not intend to fulfill it). Plaintiff has pointed to no evidence establishing that this was the case.

4. Plaintiff cites testimony by Matthews that "Reisinger told him [Matthews] that the pool needed to have a license to legally operate." Doc. 253, p. 14, citing Doc. 212, Tr., p. 497. This is not a misstatement of fact, but rather is a correct statement of the law, and therefore cannot be fraud. 7 U.S.C. 6m(1) (unlawful for a commodity pool operator to operate, unless registered). Reisinger claimed what she believed was a valid exemption from the requirement under CFTC Reg. 4.13, 17 C.F.R. 4.13, but it was a true statement that the registration, *i.e.*, licensing requirement, existed.

5. Plaintiff cites the transcript for the statement that "Reisinger did not make any determination as to whether or not pool participants were QEPs as was necessary for the claimed pool exemption to be valid." Doc. 253, pp. 14-15, citing Doc. 206, Tr., pp. 701-02. The portion of the transcript cited by plaintiff reflects that Caffray represented that the Caffray Trust had $5 million in assets, and Reisinger, when asked whether she knew if it was true, said she did not. *Id.* This was not a representation or omission by Reisinger; it was a representation by Caffray, and it was not fraud for her to fail to tell Caffray that she did not know whether or not he was telling the truth to her.

The foregoing references to the record constitute plaintiff's purported evidence of fraud. For the reasons stated, these are, individually and collectively, clearly insufficient to support the fraud verdict. Rather, they are an unwarranted attempt by plaintiff to increase the punishment to Reisinger by converting a regulatory violation into fraud merely by calling it such.

The Court stated in its September 2018 Order that its mistaken assumption that Reisinger had paid a fine to the CFTC for a previous violation "undergirded" its analysis of the sufficiency of the evidence to support the fraud claims. Doc. 245, p. 5. Plaintiff's response is to assert that the correction of this mistaken assumption is not sufficient to overturn the fraud claims. Doc. 253, p. 16. Regardless of whether it is sufficient by itself, the absence of any prior violations, together with the plaintiff's failure to prove any material misstatements or omissions of fact, warrants judgment as a matter of law in favor of Reisinger on the fraud claims.

Fraud is a serious charge and can have serious consequences for a person who is found to have committed fraud. Plaintiff's failure to show that there were any material misstatements or omissions by Reisinger, together with the fact that Reisinger acted as a commodity broker for 14 years (Tr., p. 813) without any previous violations, is fatal to plaintiff's fraud claims. Judgment should be entered in favor of Reisinger as a matter of law on those claims.

### D. The Court Should Vacate the Injunctions against Trading and Registration

In approving the CFTC's requests for injunctions against trading and registration, the Court expressly relied on its mistaken assumption that Reisinger had a previous regulatory violation. Doc. 245, p. 5 (the Court's reliance on its mistaken assumption that Reisinger had previously paid a fine to settle another CFTC violation "undergirded the court's award of injunctive relief…") These injunctions were overbroad relief for the regulatory violations in this case, which were limited to claims involving a commodity pool operator exemption claim that was alleged to be invalid. Reisinger is not opposing an injunction against future violations of the provisions that were found to be violated, but asks that the Court vacate the trading and registration bans after reassessing the case in the absence of the erroneous finding that Reisinger paid a fine to settle another violation.

11

The CFTC has cited cases where various injunctions were granted, each based on a unique set of facts. Doc. 253, pp. 17-18. The guiding principle in this Circuit is in *CFTC v. Hunt*, 591 F.2d 1211 (7th Cir. 1979), where the Seventh Circuit held that injunctive relief must be tailored to the individual case. Reisinger had no violations relating to trading and no violations relating to acting in her capacity as a registered broker. It would be unfair to preclude Reisinger from engaging in lawful activities involving trading and registered brokering where she has had no prior violations relating to these. An injunction against future violations of the provisions found to be violated would be tailored to the individual case, as required by *Hunt*, and sufficient to prevent future violations. The trading and registration bans are wholly inapplicable to this case and should be vacated.

### E. The Court Should Deny Plaintiff's Claims for Joint and Several Liability with ROF and for Prejudgment Interest

Reisinger understood from the Court's September 2108 Order that the Court ruled that prior to judgment, plaintiff had not properly presented claims for prejudgment interest or joint and several liability with ROF for a second civil penalty for Reisinger. Doc. 245, pp. 3-4. The Court should reject the plaintiff's attempt to present these new claims at this time, and they should be denied.

#### 1. The Court Should Deny the Claim for a Second Penalty and Disgorgement Based on Joint and Several Liability with ROF

The Court has already ruled that it was manifest error to impose joint and several liability on Reisinger for ROF's civil penalty and disgorgement. Doc. 245, p. 3. In reaching that conclusion, moreover, the Court ruled that the CFTC had not shown that the required standard of "closely related" for establishing joint and several liability is the same as "controlling person" liability, upon which the plaintiff tried to rely. *Id.* Nevertheless, plaintiff is now asking the Court to impose joint and several liability on Reisinger for ROF's penalty. Doc. 253, pp. 22-23.

Plaintiff fails to acknowledge the Court's ruling that plaintiff failed to show that "controlling person" and "closely related" are the same, and makes no attempt to cure that defect. Doc. 253, pp. 22-23. Nor has plaintiff made any individualized showing that the penalty imposed upon ROF is also appropriate for Reisinger. *Id.*

Plaintiff's argument for joint and several liability, based solely on controlling person liability, is inconsistent with CFTC administrative precedent and the law of this Circuit that individualized determinations are made for each defendant in an enforcement action even where there is controlling person liability. *See Monieson v. CFTC,* 996 F.2d 852, 862-65 (7th Cir. 1993) (individualized determination made as to civil penalty of controlling person); *In the Matter of GNP Commodities,* Comm. Fut. L. Rep. (CCH) para. 25,360 (CFTC 1992) (same). *See also CFTC v. PMC Strategy, LLC,* WL 1349177 (W.D.N.C. 2013) (penalties imposed on controlled and controlling persons were in different amounts and not joint and several).

Plaintiff cites cases where joint and several liability was imposed. Doc. 253, p. 23. But none of those cases imposed a second penalty on a defendant after the court had already determined the defendant's penalty based on individual facts pertaining to that defendant. Yet that is precisely what plaintiff seeks to do here.

For the same reasons that preclude Reisinger's liability for ROF's penalty, Reisinger should not be liable for what the plaintiff mistakenly calls ROF's "disgorgement," which was actually restitution. Doc. 230, p. 18.

There is thus no valid legal basis for plaintiff's attempt to impose ROF's penalty and mis-named "disgorgement" on Reisinger, and the Court should deny plaintiff's request for that relief.

### 2. Prejudgment Interest Should not be Awarded

As stated in the Court's September 2018 Order, prejudgment interest was not properly presented to the Court by the plaintiff. Doc. 245, p. 4. Plaintiff's post-judgment motion for relief asked only for post-judgment interest, and not for prejudgment interest. Doc. 211, pp. 3-4. As this Court held, the mention of a prayer for prejudgment interest in the complaint, and the general prayer for other and further relief in the motion for relief, did not properly present the issue. *See* Doc. 245, p. 4.

Plaintiff's attempt to resurrect its claim for prejudgment interest is also inadequate, as plaintiff does not address the separate claims with specificity. There is no basis for prejudgment interest on the civil penalty, because the purpose of prejudgment interest is to put a party in the position it would have been in if a payment had been made when due, and a civil penalty cannot be due until it is assessed. *See American Nat. Fire Ins. v. Yellow Freight Systems,* 325 F.3d 924, 935 (7th Cir. 2003). Nor has plaintiff cited any authority for assessing prejudgment interest on a civil penalty. Rather than directly acknowledge this limitation and disclaim any claim for prejudgment interest on the penalty, the plaintiff buries in a footnote a comment that it "does not object" if the Court were to remove the reference to prejudgment interest on the civil penalty in the judgment order that has already been vacated. Doc. 253, p. 25 n. 12.

Plaintiff also fails to adequately support an award of prejudgment interest on any other relief. Plaintiff has cited case law providing generally that the award of prejudgment interest is discretionary, but has not provided specific grounds why the Court should exercise its discretion in this specific case. Two of the Seventh Circuit cases cited by plaintiff – *In Re Milwaukee Cheese Wis., Inc.*, 112 F.3d 845 (7th Cir. 1997) and *Williamson v. Handy Button Machine Co.*, 817 F.2d 1290 (7th Cir. 1987) – do not involve Commodity Exchange Act claims. In *Myron v. Chicoine*, 678 F.2d 727, 734 (7th Cir. 1982), which is a Commodity Exchange Act case, the

Seventh Circuit held that whether prejudgment interest is to be awarded requires a balancing of the equities. Plaintiff has made no showing of the balancing of equities to support its claim, and the claim should be denied for that reason alone.

Moreover, there is a sound equitable reason not to assess prejudgment interest on the $497,893.88 restitution amount because Reisinger sent those funds to Caffray at the time the pool stopped trading, and he refused to accept them and returned them to Reisinger. Doc. 206, Tr., pp. 744-46. Under these circumstances, prejudgment interest should not be awarded. The claim for prejudgment interest should be denied in its entirety.

## Conclusion

For the foregoing reasons the Court should grant Reisinger's motion.

Date: November 30, 2018

s/ William J. Nissen
William Nissen
Angelo J. Suozzi
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
p: (312) 853-7742
f: (312) 853-7036
wnissen@sidley.com
asuozzi@sidley.com

Attorneys For Defendant
Grace Elizabeth Reisinger

**CERTIFICATE OF SERVICE**

I, William J. Nissen, an attorney, hereby certify that I have served copies of the foregoing **Defendant Reisinger's Reply In Support Of Motion To Reconsider And Amend Order And Underlying Findings** upon the following individuals by the Court's ECF system on the 30th of November 2018.

>Timothy J. Mulreany
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>Three Lafayette Center
>1155 21st Street, N.W.
>Washington, D.C. 20581
>tmulreany@cftc.gov
>
>Elizabeth N. Pendleton
>U.S. Commodity Futures Trading Commission
>Division of Enforcement
>525 West Monroe Street
>Suite 1100
>Chicago, IL 60661
>ependleton@cftc.gov

>s/ William J. Nissen
>
>William J. Nissen