IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) | |
|---|---|---|
| | ) | Case No. 11 CV 08567 |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| GRACE ELIZABETH REISINGER and ROF CONSULTING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

More than three years ago a jury returned a verdict for the U.S. Commodity Futures Trading Commission ("CFTC") and against defendant Grace Elizabeth Reisinger ("Reisinger") in this enforcement action. Verdict, ECF No. 171. Reisinger moves the court to reconsider and amend the court's findings made in the September 19, 2017, memorandum opinion and order ("slip op." or "September 2017 opinion") resolving the parties' post-trial motions. For the following reasons, the court grants the motion to reconsider in part and denies it in part.

### I. Background

In addition to Reisinger, the CFTC named ROF Consulting, LLC ("ROF") as a defendant. The complaint charged the defendants with violating the anti-fraud and commodity pool operator registration and exemption provisions of the Commodity Exchange Act ("Act") and associated Regulations. The facts have been discussed in detail in the court's prior opinions in this case and will not be covered again here except as necessary to resolve the pending motion.

1

ROF defaulted before trial.  The court entered a permanent injunction barring it from future violations of the Act and of the Regulations, from acting in any capacity that requires registration with the CFTC, and from trading any commodity interests on its own or others' behalf.  ECF No. 102.  The CFTC and Reisinger agreed to submit questions of liability to a jury but reserve remedies for the court.  After a week-long trial, a jury returned a verdict for the CFTC on September 13, 2016.  ECF No. 171.

Next came post-trial motions.  Reisinger moved for entry of judgment notwithstanding the verdict or for a new trial ("motion for new trial," ECF No. 200).  The CFTC moved for an order requiring Reisinger, *inter alia*, to disgorge her ill-gotten gains, pay restitution, pay a civil monetary penalty, and impose a trading prohibition.  Those motions were resolved in the opinion issued September 19, 2017.  ECF No. 230.  The court denied Reisinger's motion and granted the CFTC's motion in part.  *See CFTC v. Reisinger*, 2017 WL 4164197, at *12 (N.D. Ill. Sept. 19, 2017).

The court directed the CFTC to submit a proposed form of judgment by a certain date, *id.* at *13, which it did.  On the assumption that the CFTC had circulated the proposed judgment and that there was therefore no objection to the judgment's form, the court entered the judgment in substantially the same form proposed by the CFTC shortly thereafter.  ECF No. 231.  The assumption that the CFTC had circulated the judgment was apparently incorrect.  Reisinger filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and to amend findings of fact under Rule 52(b).  She contended that the judgment contained numerous errors, awarded more relief than the CFTC sought (or at least was litigated before judgment), and was based on erroneous legal and factual conclusions made in the September 2017 opinion.

2

This court vacated the judgment by order entered September 25, 2018 ("September 2018 order"). ECF No. 245. The court did not resolve all of the parties' arguments. *See id.* at 2–6. The court explained that it was "clear from the briefing that the judgment awards relief on matters that were not substantively litigated and on which the court made no findings before judgment." *Id.* at 2. The order cited the example of Reisinger and ROF's joint and several liability for disgorgement and monetary penalties, which was not litigated pre-judgment. *Id.* at 2–3. "Nor did the parties litigate in any meaningful way the appropriateness of awarding pre-judgment interest on some or all of the sums awarded." *Id.* at 4. The court also found that the judgment included enforcement language that could be read as prejudging questions the court expressly reserved in the September 2017 opinion. *Id.* at 4. Finally, the parties agreed that in the September 2017 opinion the "court mischaracterized the settlement [in *CFTC v. New World Holdings, LLC*, No. 10-cv-4557, available in this record at ECF No. 215-2 Ex. B] as applicable to Reisinger when it applied to ROF." *Id.* at 5. The September 2018 order stated that the *New World Holdings* "analysis undergirded the court's award of injunctive relief and its analysis of the sufficiency of the evidence to support the fraud claims." *Id.* (citing *Reisinger*, 2017 WL 4164197, at *11). After considering these issues and errors cumulatively, the court vacated the judgment, explaining that:

> Those are not all of the issues briefed in the pending motions. The state of the briefing leaves the court with a herculean task if it is to even determine whether some of Reisinger's arguments truly rehash issues argued and resolved in the September 2017 opinion and decided by the jury. The court would have to sift through the prior briefs, the opinion, and the mountain of trial transcripts. That is not the court's job. All issues raised in the present briefing remain open to the parties in future proceedings (subject to the usual reconsideration standards, of course), and the parties better cite the briefs, the trial transcripts, and the record precisely in the future.
>
> . . .

> With the judgment vacated, Reisinger will have 28 days in which to move for reconsideration or to set aside findings under Rule 52(b). Any such motion should cite the record precisely and in detail, and a motion that fails to do that and present the issues fully will be summarily stricken. The court expects the parties to circulate a proposed judgment when it comes time to enter one and litigate issues of form before its entry.

*Id.* at 5–6. Reisinger then filed the motion to reconsider and to amend findings presently before the court.

## II. Reconsideration Standard

Reisinger cites Federal Rules of Civil Procedure 59(e) (motion for new trial) and 52(b) (setting aside court-made findings of fact) in her opening motion. Mot. Reconsider 1, ECF No. 246; *see also* Mem. Supp. Mot. Reconsider 1, ECF No. 247. However, Reisinger "acknowledges" in her reply that "the applicable legal standard for Reisinger's motion is that it must be based on manifest errors of fact or law." ECF No. 254 at 2. Reisinger and the CFTC therefore agree that the standard for an interlocutory motion for reconsideration governs.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Because "'manifest error' is not demonstrated by the disappointment of the losing party," *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)), a motion for reconsideration cannot be used for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion," *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270) (internal quotation marks omitted). Consequently, "[t]he repetition of previous arguments is not sufficient to prevail" on a motion to reconsider, *id* (quoting *United States v. $23,000 in U.S.*

*Currency*, 356 F.3d 157, 165 n.9 (1st Cir. 2004)), unless the court misunderstood the argument in the first place, *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (holding that a motion to reconsider lies where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension")). The party seeking reconsideration bears the burden of explaining why the court should change its mind. *Ahmed*, 388 F.3d at 249.

### III. Analysis

Reisinger identifies six allegedly erroneous factual findings in the September 2017 opinion. *See* Mem. Supp. Mot. Reconsider 3–8, ECF No. 247. These errors, she argues, should cause the court to: (1) vacate the disgorgement award against Reisinger; (2) reduce her amount of civil monetary penalties to approximately $25,000; (3) vacate the injunction barring Reisinger from trading futures; (4) enter judgment notwithstanding the verdict dismissing the fraud claims in Counts I–III of the complaint; (5) find that the CFTC is not entitled to pre-judgment interest; and (6) find that Reisinger should not be held jointly and severally liable for ROF's disgorgement obligations or for its civil monetary penalties. *See id.* at 8–18. Some of the alleged factual errors thread their way through several of Reisinger's requests. *See id.*

**A. Disgorgement (Fact Nos. 1, 2, 3)**

The court granted the CFTC's request to order Reisinger to disgorge $153,355.04 in ill-gotten gains. Slip op. at 14–17. Reisinger contends that three erroneous findings require

5

reconsideration. All relate to the tracing of the $153,355.04 in funds as summarized in plaintiff's trial exhibit 120.[1]

The first claimed error Reisinger identifies is the court's description of the exhibit as "a summary prepared by [CFTC's] investigator, George Malas (who also testified), of documents showing that ROF paid Reisinger $153,355.04 in commissions and other payments." Slip op. at 14 (citing plaintiff's trial exhibit 120). Reisinger argues that the exhibit on its face shows that the funds came from various sources and argues that Malas did not trace fully the payments summarized to the necessary sources, namely the accounts in the NCCN pool or the pool's sub-accounts. Mem. Supp. Mot. Reconsider 4–5 (citations omitted).

At best, this argument refines one considered and rejected in the September 2017 opinion. Regarding the face of plaintiff's exhibit 120, it is worth reiterating that Reisinger did not object at trial to its receipt into evidence. Slip op. at 14 (citing Trial Tr. 386, ECF No. 205). Reisinger does not challenge the court's findings that at trial Reisinger admitted receiving commissions "on the NCCN commodity pool." *Id.* at 15 (citing Trial Tr. 737:5, ECF No. 206). The court also considered the portions of Malas' testimony Reisinger cites on reconsideration; the court confirmed that Malas admitted that he "did not match each commission or payment with a trade in one of the NCCN commodity pool's fourteen sub-accounts." Slip op. at 14 (citations to briefs and transcript omitted); *also compare* Mem. Supp. Mot. Reconsider 3, *with* slip op. at 14. The court found the exacting tracing that Reisinger insisted on to be unnecessary on this record because "[t]he amount of disgorgement 'need only be a reasonable approximation of profits causally connected to the violation.'" *Id.* at 15 (quoting *SEC v. Michel*, 521 F. Supp. 2d 795, 830–31 (N.D. Ill. 2007)). The burden then "shifts to the defendants to show that those figures

---

[1] The trial exhibits have been docketed as ECF Nos. 171–73.

were inaccurate." *Id.* (quoting *FTC v. QT, Inc.*, 472 F. Supp. 2d 990, 995 (N.D. Ill. 2007)). Reisinger cites no contrary legal authority on burden shifting. *See* Mem. Supp. Mot. Reconsider 4–5, 9. Because her arguments rehash arguments this court previously considered and rejected, the court denies Reisinger's request to strike factual finding no. 1 and vacate the disgorgement award based on it. *See Ahmed*, 388 F.3d at 249.

Reisinger's second alleged factual error concerns the court's conclusion that she did not carry her burden to show that the figures in plaintiff's exhibit 120 were inaccurate. Slip op. at 15–16. According to Reisinger, the court ignored her "undisputed" testimony that "the payments referenced in Plaintiff's Exhibit 120 were not commodity futures commissions" and the two example payments she specifically identified. Mem. Supp. Mot. Reconsider 9 (citing Trial Tr. at 902-04). Here again, Reisinger attempts to make an argument, and provide the specific citations, she could and should have made in her first round of post-trial briefing. The court's full analysis of this issue specifically called out Reisinger for failure to direct the court to contrary evidence:

> [T]he only serious concern the lack of a trade-by-trade audit raises is the possibility that the payments Malas summarized include commissions and payments for unrelated bond trades.
>
> But Reisinger has not pointed to competent evidence showing that possibility to be more than speculative. While the jury heard evidence that NCCN was initially established to trade bonds, Reisinger points to no competent evidence in her response that it traded bonds after the commodity pool began operating—the period summarized by Malas (*see* Tr. Pl. Ex. 120 at 1) Reisinger includes no citation to support her claim that her testimony established that the disputed funds were related to bond trading. (*See* Resp. to Mot. for Inj. 11.) Though it is not required to do so, the court has reviewed the entirety of Reisinger's trial testimony, and try as it might, it can find no support for her assertion. That is, Reisinger directs the court to no competent evidence rebutting the CFTC's reasonable approximation of her profits causally connected to her violations.

Slip op. at 15–16.

7

Reisinger does not dispute the court's findings regarding her post-trial briefing. Neither does she explain the absence of specific citations to the voluminous trial record. Her efforts to make on reconsideration the record she should have made earlier must therefore fail. *See Ahmed*, 388 F.3d at 249. As the court stated in the September 2017 opinion, "Having made the strategic decision to expect the Court to find the [C]FTC's calculation inadequate, Defendants[, who presented no evidence rebutting the CFTC's calculation,] must now live with the consequences of that decision and will not be permitted to introduce new evidence."). Slip op. at 16 (quoting *QT, Inc.*, 472 F. Supp. 2d at 996) (second alteration in original). Accordingly, the disgorgement award will not be disturbed based on Reisinger's second allegedly erroneous factual finding.

The third factual statement in the September 2017 opinion to which Reisinger points is indeed incorrect. As part of its analysis of disgorgement, the court stated that "[a]fter the CFTC began investigating her, Reisinger transferred the $153,355.04 to Donald Caffray [("Caffray")], an attorney through whose client trust account funds had been funneled. Caffray later returned the money, but there is no evidence breaking the chain of causation linking the funds to ill-gotten gains." Slip op. at 16. Reisinger and the CFTC agree that Caffray returned $497,893.88 rather than the amount stated. *See* Mem. Supp. Mot. to Reconsider 10; Resp. to Mot. Reconsider 9, ECF No. 253; Trial Tr. 744–46.

The court agrees that this is a factual error. As the CFTC argues, error in transcribing the dollar amount may be corrected as a "clerical error" under Federal Rule of Civil Procedure 60(a). Resp. 10. However, the court's treatment of the two dollar amounts as equivalent supported its finding that the funds were ill-gotten. The "boomerang" transaction with Caffray does not support such a finding based on matching dollar amounts, and the September 2017 opinion is amended accordingly.

This change does not demonstrate manifest error in the overall disgorgement award, however. As explained above and in the September 2017 opinion, the record continues to persuade the court that a disgorgement award is warranted. In addition to the other reasons given for ordering disgorgement in the September 2017 opinion, the jury's finding that Reisinger, rather than Caffray as she argued, was the pool operator (*see* Verdict 4, ECF No. 171 (question 7)) remains significant. Slip op. at 16. The jury's determination lends weight to the court's conclusion that the funds were ill-gotten. For this and all the reasons given above, Reisinger has not carried her burden to show that the court should reconsider the disgorgement award.

B. **Civil Monetary Penalty (Fact Nos. 2, 5, 6)**

After considering the applicable factors, slip op. at 22–25, this court imposed a civil monetary penalty of $64,124, or 10% of the financial gain Reisinger realized." Slip op. at 25; *see also id.* at 22–25. Reisinger's first argument has already been addressed. She first says that the court based its ten percent calculation on the incorrect amount of financial gain because the evidence did not support including the $153,355.04 disgorgement amount in the calculation of what she gained. Mem. Supp. Mot. to Reconsider 10–11, ECF No. 247. The prior sub part of this opinion discussed at length why Reisinger has not demonstrated the necessary manifest error to warrant reconsideration of the disgorgement award, and Reisinger offers the court no reason to think that its reasoning is any less applicable for a civil monetary penalty. *See id.*

The second issue concerns who is a party to the settlement in *CFTC v. New World Holdings, LLC*, No. 10-CV-4557. As this court explained in the post-judgement September 2018 order, "The CFTC confesses the court mischaracterized the settlement there as applicable to Reisinger when it applied to ROF." ECF No. 245 at 5. As a factual matter, anything in the

9

September 2017 opinion stating or implying that Reisinger admitted liability in *New World Holdings* must be, and is, stricken.

The misunderstanding regarding *New World Holdings* does not change the court's decision on the appropriate monetary penalty, however.[2] The court followed the required two-step process for calculating a civil monetary penalty. *See* slip op. at 18–25. 17 C.F.R. § 143.8(a)(1)(i)(B) (West 2017). The court first calculated the maximum statutory penalty Reisinger faces. Slip op. at 18–22. Then the court weighed three factors to determine the proper penalty. *See id.* at 22–25 (considering factors from *Monieson v. CFTC*, 996 F.2d 852, 864 (7th Cir. 1993)).

On reconsideration Reisinger attaches great significance to a statement in the September 2018 order: the *New World Holdings* "analysis undergirded the court's award of injunctive relief and its analysis of the sufficiency of the evidence to support the fraud claims." ECF No. 245 at 5. Contrary to Reisinger's implications, this statement in no way implied that the court gave *New World Holdings* dispositive weight or even considered it to be particularly important. *See id.* Instead the court reserved judgment on the issue now before the court. As the order stated, "The court and the parties would be better served by adversary briefing that cites the trial transcripts and puts the facts in context." *Id.*

The court referred to *New World Holdings* once in the September 2017 opinion's penalty analysis. *See* slip op. at 24. The settlement lent some support to the court's rejection of Reisinger's arguments that her violations were mere recordkeeping violations. *See id.* at 24–25. More important, and discussed in greater detail, is the jury's findings on the nature of the

---

[2] As the CFTC observes, it did not ask the court to rely on the *New World Holdings* settlement in its post-trial briefing. Rather, Reisinger invited the court to consider the settlement as evidence generally in mitigation of her conduct. *See* ECF No. 215 at 6–7. Reisinger's protestations that the settlement does not reflect on the likelihood of repeat violations due to her formal separation from ROF therefore strikes the court as somewhat contrived.

10

violations. *See id.* Indeed, the court would reach the same conclusion regarding a civil monetary penalty with or without the *New World Holdings* findings.

In any event, the court did not rely on the *New World Holdings* settlement in this context for the proposition that Reisinger was a repeat violator. *See id.* The point for which *New World Holdings* was cited in the September 2017 opinion remains salient even though Reisinger did not admit personal liability. The *New World Holdings* settlement still helps to demonstrate, albeit by analogy now, the seriousness of the violations the jury found. Accordingly, Reisinger has not demonstrated that the factual error regarding *New World Holdings* requires reconsideration of the civil monetary penalty.

The court also denies the motion to reconsider the civil monetary penalty for an independently sufficient procedural reason. Despite the court's plea for context and meaningful analysis, Reisinger devotes two sentences to her argument based on *New World Holdings* in her opening memorandum. *See* Mem. Supp. Mot. Reconsider 10–11. The trial transcript is not cited. Neither is any exhibit or legal authority. And Reisinger merely refers the court to her first round of post-trial briefing on the amount of civil monetary penalties. *See id.* Even had the court not warned Reisinger to develop her arguments, this level of perfunctory briefing would constitute waiver. *See, e.g., United States v. Beavers*, 756 F.3d 1044, 1059 (7th Cir. 2014) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived") (quoting *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009))); *Kinslow v. Am. Postal Workers Union, Chicago Local*, 222 F.3d 269, 276–77 (7th Cir. 2000). This court's September 2018 order specified strict requirements for any motion to reconsider. "[A]ny motion should cite the record precisely and in detail, and a motion that fails to do that and present the issues fully will be summarily stricken." ECF No. 245 at 6. This court has repeatedly declined to consider

underdeveloped arguments in this litigation. *See id.* at 5; slip op. at 13 & n.2. Particularly because Reisinger did not heed the court's instructions in the September 2018 order, her motion is denied for this reason as well.

### C. Trading And Registration Bans (Fact No. 5)

As with the prior issue, Reisinger grounds her motion to reconsider the court's entry of a permanent injunction on the *New World Holdings* settlement. *See* Mem. Supp. Mot. Reconsider 12–15. She argues, as she did in her response to the CFTC's motion for injunctive relief, that an injunction prohibiting future violations would be sufficient given her history and the fact that this is a first-time offense. This court applied the framework for issuing injunctions under the Commodity Exchange Act set forth in *CFTC v. Hunt*, 591 F.2d 1211, 1221–22 (7th Cir. 1979). Under *Hunt* the CFTC need only show that a violation occurred (the jury's findings establish this) and "that there is some reasonable likelihood of future violations." *Id.* at 1220 (citations omitted). The Seventh Circuit identified four factors to be considered when weighing the circumstances in their totality: (1) whether "a violator has continued to maintain that his conduct was blameless[;]" (2) whether "a defendant persists in its illegal activities 'right up to the day of the hearing in the district court[;]'" (3) whether "the violation has been founded on systematic wrongdoing, rather than an isolated occurrence[;]" and (4) whether "a defendant, because of his professional occupation or career interest, will be in a position in which future violations could be possible." *Id.* at 1220 (internal citations and quotations omitted). As explained below, Reisinger identifies no manifest error in the court's balancing of these factors.

Reisinger's reconsideration argument proceeds from a false premise. Reisinger maintains that the *New World Holdings* settlement, which was incorrectly described in the September 2017 opinion as applying to her, was the court's only "rationale" for finding a reasonable likelihood of

12

future violations. Mem. Supp. Mot. Reconsider 12. It is true that the court relied on the penalty in *New World Holdings* to find that Reisinger has a reasonable likelihood of future violations. Slip op. at 26. But Reisinger does not engage with the second primary basis for the court's findings—"Her insistence that the violations the jury found were 'isolated regulatory violations' further convinces the court that she does not appreciate the seriousness of her conduct, making repetition more likely." Slip op. at 26 (citing Resp. to Mot. Inj. 8, ECF No. 215). Reisinger does not discuss this rationale at all on reconsideration, and her continued efforts to minimize the seriousness of her conduct throughout the reconsideration process further convinces this court that an injunction is appropriate, regardless of what inferences can be drawn from the penalty in *New World Holdings*.[3] *See Hunt*, 591 F.2d at 1220–21; *CFTC v. McLaurin,* 1996 WL 385334, at *4 (N.D. Ill. July 3, 1996).

Furthermore, Reisinger has persisted in occupying a position in which future violations are possible. *Hunt*, 591 F.2d at 1220. The CFTC represents in its response that Reisinger maintains her status as a Registered Associated Person with New World Holdings, an entity which has admitted violating the Act, and that she may have contact with customers on a daily basis. Resp. Mot. Reconsider 19. Reisinger disputes neither proposition in her reply. ECF No. 254. Considering the evidence in its totality, Reisinger's "systemic and carefully preconceived" violations of the Act even as she "consistently maintained that [her] conduct was blameless" convince the court that there is a reasonable likelihood of future violations, and a permanent injunction should therefore issue. *Hunt*, 591 F.2d at 1220–21.

---

[3] Much of Reisinger's argument on this score rehashes previously addressed arguments. *Compare* slip op. at 26, *with* Mem. Supp. Mot. Reconsider 12–15. Reisinger cites one case the court did not previously consider, *Citadel In re Trading Co. of Chicago*, Comm. Fut. L. Rep. (CCH) ¶ 23,082 (CFTC 1986). As this case was available for Reisinger to cite in her first round of post-trial briefing, she could, and should, have cited it then, and so Reisinger's citation to it does not justify reconsideration. *See Ahmed*, 388 F.3d at 249.

### D. Fraud Claims (Fact No. 4)

Reisinger next urges the court to reconsider its denial of her motion for judgment as a matter of law on the CFTC's fraud claims, but she challenges a portion of the September 2018 opinion that did not rule on the sufficiency of the evidence. *See* Mem. Supp. Mot. Reconsider 15–18. Reisinger apparently misunderstands a sentence in the September 2018 order vacating the judgment. Again, the order stated that the *New World Holdings* "undergirded the court's award of injunctive relief and its analysis of the sufficiency of the evidence to support the fraud claims." ECF No. 245 at 5 (citing *Reisinger*, 2017 WL 4164197, at *11) (other citation omitted).

The lack of precision in this statement is regrettable, and the court apologizes if it led counsel to chase a proverbial wild goose. The citation accompanying this sentence to the September 2017 opinion refers to the analysis of the factors considered when determining whether to impose a monetary penalty. *See* slip op. at 24–25. As just discussed the *New World Holdings* settlement played a role in in that analysis. But *New World Holdings* played no role in the sufficiency of the evidence analysis in Part I on pages 2–6 of the September 2017 opinion. Reisinger's entire reconsideration argument incorrectly conflates the court's penalties analysis with the sufficiency of the evidence analysis. *See* Mem. Supp. Mot. Reconsider 15–18. The court considered versions of the sufficiency challenges Reisinger now raises in the September 2017 opinion. *See* slip op. at 2–6. Her efforts to rehash these issues now under the guise of an erroneous factual finding concerning what evidence the jury had before it (*see* Mem. Supp. Mot. Reconsider 6–7 (fact no. 4)) must accordingly fail. *See Ahmed*, 388 F.3d at 249; *Oto*, 224 F.3d at 606.

### E. Pre-Judgment Interest And Joint and Several Liability

Last, Reisinger asks the court to reconsider its award of pre-judgment interest and order holding Reisinger jointly and severally liable for ROF's violations. Mem. Supp. Mot. to Reconsider 18. The request is granted.

The court awarded this relief in summary fashion in the September 2017 opinion. *See* slip op. at 27. As explained in the September 2018 order, neither issue was expressly presented to the court or actually litigated pre-judgment. See ECF No. 245 at 2–4. The court vacated the judgment for this reason, explaining that "[t]he imposition of joint and several liability was . . . based on legal precedent recognized by neither the court nor the parties and factual findings the court never made and which the CFTC never expressly asked the court to make." *Id.* at 3.

In response to the motion for reconsideration, the CFTC makes its case for imposing joint and several liability and for pre-judgment interest. *See* ECF No. 253 at 22–23. These are evidently the arguments the CFTC should have developed pre-judgment. *See* Resp. to Mot. to Reconsider 22–25. But the CFTC does not explain why it waited to develop these arguments. *See id.*

The court should have concluded that both issues were waived in the September 2017 opinion. The CFTC's motion for permanent injunctive relief made bare requests for prejudgment interest and to hold Reisinger jointly and severally liable; the motion cited no authority. *See* ECF No. 211 at 4, 17. By making these perfunctory argument, the CFTC waived them. *See id.* at 6; *United States v. Beavers*, 756 F.3d at 1059 (quoting *Mahaffey*, 588 F.3d at 1146); *Kinslow*, 222 F.3d at 276–77. It was therefore error not only to include this relief in the judgment but also to summarily grant it in the September 2017 opinion. The award of pre-judgment interest and order

holding Reisinger jointly and severally liable for ROF's financial obligations must therefore be vacated.

The CFTC resists this conclusion. It points to a request in the complaint (ECF No. 1 ¶ 5) for pre-judgment interest and to catch-all language in its motion asking the court to "grant such further relief to the Commission as is necessary and appropriate." (ECF No. 211 at 17). It also invokes Federal Rule of Civil Procedure 54(c). Rule 54(c) applies to all judgments except default judgments; it states, "Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

But Rule 54(c) is intended to make "clear that a judgment should give the relief to which a party is entitled, regardless of whether it is legal or equitable or both." *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998) (quoting Fed. R. Civ. P. 54(c) (1937 Advisory Committee Note) (citation omitted)). "Rule 54(c) does not allow the district court to award relief based on a theory that was not properly raised at trial," "or to a party that has not prevailed," or "relief that would unfairly prejudice the non-prevailing party." *Id.* at 1080, 1081 (citations omitted). Because the CFTC waived its arguments for pre-judgment interest and to hold Reisinger jointly and severally liable pre-judgment, the CFTC did not prevail on those issues, and so judgment cannot be entered on either of them. *See id.* at 1081 (Rule 54(c) "does not permit a court to impose liability where none has been established") (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir. 1993) and *Flannery v. Carroll*, 676 F.2d 126, 132 (5th Cir. 1982)); *see also Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 948 (7th Cir. 2006) (stating when discussing Rule 54(c) and mootness that "[t]here is . . . an exception for explicit waivers").

Since the judgment was entered, the CFTC has had two opportunity to explain its failure adequately to brief these issues before judgment. It has not done so. The court sees no reason to provide the CFTC a further opportunity, particularly given the protracted nature of these proceedings and the pull to bring them to a conclusion. The judgment will neither award pre-judgment interest nor hold Reisinger jointly and severally liable.

## IV. Conclusion

For the reasons stated and in accordance with this order, Reisinger's motion for reconsideration is granted in part and denied in part. The parties are directed to confer regarding a form of judgment consistent with the court's rulings in this case. A proposed form of judgment is due to be filed along with a certificate of conference regarding the proposed judgment, on or before September 26, 2019.

Date: September 18, 2019              /s/
                                                     Joan B. Gottschall
                                                     United States District Judge